STATE of Minnesota, Respondent,

v.

Heardian Robert MONTJOY, Appellant.

No. C8-84-661.

Court of Appeals of Minnesota.

Sept. 11, 1984.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert F. Carolan, Dakota County Atty., Mark Nathan Lystig, Asst. Dakota County Atty., Hastings, for respondent.

C. Paul Jones, State Public Defender, Brian I. Rademacher, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., without oral argument.

## OPINION

CRIPPEN, Judge.

Ten months after sentencing, the term of defendant's executed sentence was increased, and he appeals. We reverse.

## FACTS

In 1982, appellant was charged by complaint with aggravated robbery and kidnapping in connection with the robbery of a St. Paul jewelry store. The complaint reflected that the mandatory minimum sentence of five years imprisonment could be imposed because appellant had a prior conviction involving a firearm.

Appellant was convicted. The sentencing guidelines worksheet erroneously showed the presumptive sentence on each count was 54 months. Section II.E, Minnesota Sentencing Guidelines (1982) established a 54-month presumptive sentence for an offense with a mandatory minimum three-year sentence under Minn.Stat. § 609.11, subd. 5 (1982). Because defendant was convicted on a charge of aggravated robbery in 1979 and the 1982 offenses involved use of a firearm, the mandatory minimum sentences for defendant under § 609.11, subd. 5, were five years, not three years. In 1982, the Minnesota Sentencing Guidelines established a presump-

tive sentence of 90 months for an offense with a mandatory minimum sentence of five years.

Based on the erroneous guidelines worksheet, appellant was sentenced to two consecutive 54-month terms.

Following 1983 changes of law permitting reduction of prior mandatory minimum sentences, appellant petitioned the trial court to reduce his sentences on each count to 36 months.[1] The state opposed the reduction, and noted at the same time that defendant should have been sentenced to 90-month terms in 1982. The state moved to correct the original sentence, and also moved for an upward departure (double the presumptive sentence) on the aggravated robbery offense. In March 1984, the trial court resentenced appellant to the presumptive sentence of 90 months for each of the offenses and then reduced each sentence to 60 months in accordance with the 1983 legislative changes.

Appellant disputes the 12-month increase in the term of his executed sentence. He also asserts the proposition first addressed to the trial court, a request for reduction of 54-month terms to 36 months.

### ISSUE

Did the trial court err in increasing defendant's sentence to conform with a statutory provision for minimum terms of imprisonment?

### ANALYSIS

There is no dispute that statutes and guidelines suggested prison terms of 90 months, not 54 months, when defendant was sentenced in 1982. A later increase of the sentence was proposed by the state under Rule 27.03, subd. 9, Minn.R.Crim.P.

The rule permits the court "at any time" to "correct a sentence not authorized by law."

■ Rule 27.03, subd. 9, conforms to standards of law determined under the double jeopardy provisions of the Constitution of the United States. Even when it involves an increase in sentencing, an unauthorized sentence can be corrected to conform with statutory provisions. *Bozza v. United States*, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947); *Mathes v. United States*, 254 F.2d 938 (9th Cir.1958).

■ A sentence which was authorized by law cannot be increased. The Constitution prohibits resentencing to a term which is within the original authority of the sentencing court but greater than the term properly chosen when sentencing first occurred. *Kennedy v. United States*, 330 F.2d 26 (9th Cir.1964).

This case is critically affected by the provisions of Minn.Stat. § 609.11, subd. 8. There the trial court is authorized in appropriate cases to sentence a defendant without regard to the mandatory minimum terms of imprisonment established by preceding subdivisions. The practice is initiated by the sentencing court or by a proposal of the prosecutor supported by adequate reasons. *State v. Olson*, 325 N.W.2d 13 (Minn.1982).

■ A downward departure from a statutory minimum term of imprisonment could be challenged by timely appeal of the state. Minn.Stat. § 244.11; Rule 28.04, Minn.R. Crim.P. Here there was no such appeal. It is no longer permissible for the state to propose a change of the sentence, nor for the court to make the change on its own motion.

If appellant had been sentenced without departure, his minimum terms would now

---

**1.** Before 1983, mandatory sentences under Minn.Stat. § 609.11 (1982) had to be served without credit for good time. The Minnesota Sentencing Guidelines restored the incentive of good time by setting presumptive sentences 50 percent higher than the statutory mandatory minimum term. Section II.E, Minnesota Sentencing Guidelines (1982). In 1983, the Minnesota Legislature restored good time benefits to

mandatory sentences (Minn. Laws 1983, ch. 274 § 6 [Minn.Stat. § 244.04, subd. 1] ), and later that year the presumptive sentences were set for terms equal to those mandated by statute. Section II.E, Minnesota Sentencing Guidelines (November 1, 1983). The 1983 guideline changes were made retroactive. Minn. Laws 1983, ch. 274 § 10 (Minn.Stat. § 244.09, subd. 11).

be 60 months. The law which prohibits an increase in his sentence does not prohibit correction of sentencing without an increase. *See State v. Wallace*, 327 N.W.2d 85 (Minn.1982). The trial court has not erred in refusing to reduce the 54-month terms.

## DECISION

In 1982, defendant could have been sentenced to consecutive 90-month terms of imprisonment. 1983 changes of law call for a reduction of those sentences to 60 months. Prior sentencing of defendant precludes imposition of sentences for any terms greater than 54 months. Because imposition of the correct sentence was proper up to the terms first set, the court did not err in refusing to reduce those terms under 1983 changes of the law.

Reversed.