**STATE of Minnesota, Respondent,**

v.

**Mary Lou SPANYARD, a.k.a. Mary Lou Einberger, Appellant.**

No. C3-84-910.

Court of Appeals of Minnesota.

Nov. 20, 1984.

Hubert H. Humphrey, III, Atty. Gen., Robert A. Stanich, Sp. Asst. Atty. Gen., St. Paul, Roger S. Van Heel, Stearns County Atty., St. Cloud, for respondent.

C. Paul Jones, Minn. State Public Defender, Mary C. Cade, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

Mary Lou Spanyard contends the trial court abused its discretion by finding she had violated a probation condition and by imposing sentence on a conviction that had previously been stayed. We affirm.

## FACTS

On September 12, 1983, Spanyard pleaded guilty to receiving stolen property in violation of Minn.Stat. § 609.53, subd. 1(1) (1982), after police seized numerous items at Spanyard's home that had been stolen in a series of burglaries in St. Cloud, Minnesota. Spanyard testified that a friend had brought the property into her house, she knew it was stolen, and she took no steps to notify the authorities. The trial court stayed imposition of sentence and placed her on probation for ten years subject to certain special conditions and to the general condition that she obey all state and federal laws and local ordinances.

In February 1984 Spanyard moved out of a trailer home she had rented in Pine City, Minnesota, and the landlord found that the drapes, smoke alarm and fire extinguisher were all missing. He notified Spanyard's Pine County probation officer, who passed the information on to Spanyard's present probation supervisor.

A few days later the probation supervisor accompanied a Red Wing police officer to Spanyard's new apartment. They found the smoke alarm and fire extinguisher on a kitchen wall, and the drapes were hanging in the living room.

The probation supervisor subsequently filed a probation violation report and a probation revocation hearing was held. Spanyard testified that the landlord told her that he did not want the drapes back. She said some friends did the packing when she moved in February and they removed the extinguisher and the smoke alarm from the trailer. She claimed she was planning to return the property and had only installed the items in her new apartment to keep them out of her daughter's reach. The landlord testified that he never told her she could take the drapes and that all the property was taken without his permission.

At the conclusion of the hearing the trial court stated:

I make as a finding [of] fact that there is clear and convincing evidence that the defendant has violated the provisions of her probation. * * * [T]here certainly is no question, even based on her own testimony [that] she realized * * * the fire [extinguisher] and the smoke alarm were not her property and exercised dominion over them by putting them up on the wall, * * * which to me makes the rest of her story that she intended at some unknown future time to return them really beyond belief.

* * * I'm particularly concerned [that] * * * this violation is essentially the same as the original felony for which she was here. At that time she said some-

body else was responsible for bringing things into her home, that she didn't do anything about it, and she knew they were stolen but she doesn't seem to care whether property is stolen or not stolen as long as she has the use and the benefit of it. Obviously she was * * * intending to keep and retain the fire extinguisher and the smoke alarm.

The trial court then vacated the previous stay of imposition and imposed but stayed execution of the presumptive sentence for the original felony and continued her probation with the condition that she serve 30 days in the county jail. The trial court removed her prior obligation to perform community service work.

### ISSUE

Did the trial court abuse its discretion in finding Spanyard had violated a probation condition and imposing but staying execution of a sentence with a condition that she serve 30 days in jail?

### ANALYSIS

 The trial court has broad discretion in determining if there is sufficient evidence to revoke probation and should be reversed only for clear abuse of that discretion. *State v. Austin,* 295 N.W.2d 246, 249–50 (Minn.1980).

 Spanyard claims the probation revocation hearing should not have been held unless she was criminally charged with taking the landlord's property. This claim has little merit. Moreover, the issue was not raised at the revocation hearing and is therefore waived. *See id.* at 252 (citing *Pearson v. State,* 308 Minn. 287, 241 N.W.2d 490 (1976)).

 Spanyard contends the evidence was insufficient to prove a violation by clear and convincing evidence, as required by Minn.R.Crim.P. 27.04, subd. 3(2). However, the landlord testified that the drapes, fire extinguisher and smoke alarm were taken without his permission; Spanyard herself acknowledged this to be true with respect to the extinguisher and the smoke

alarm. The trial court could conclude that Spanyard was exercising dominion over the property by installing it in her apartment rather than setting it aside to be returned at a later date.

 The trial court did not believe Spanyard's explanations for failing to return the property. Given that the function of the factfinder is to weigh the credibility of witnesses, *State v. Pieschke,* 295 N.W.2d 580, 584 (Minn.1980), the record supports the trial court's finding that Spanyard violated the terms of her probation.

 Spanyard also claims the sentence imposed by the trial court was unjust. The trial court had the authority to impose sentence and further stay execution on the condition that she serve 30 days in jail. Minn.R.Crim.P. 27.04, subd. 3(3)(a); Minn. Stat. § 609.135, subd. 4 (1982). Furthermore, Spanyard's violation was not caused by her financial circumstances or brought about through no fault of her own. *See Bearden v. Georgia,* 461 U.S. 660, 103 S.Ct. 2064, 2070, 76 L.Ed.2d 221 (1983). We therefore find no abuse of discretion.

### DECISION

Affirmed.