STATE of Minnesota, Appellant,

v.

William McClean HEMMINGS,
Respondent.

No. C8–84–1972.

Court of Appeals of Minnesota.

Jan. 15, 1985.

Ronald W. Kelly, Washington County Atty., William F. Klumpp, Jr., Asst. County Atty., Stillwater, for appellant.

Jon Duckstad, Stevan Yasgur, St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and RANDALL and CRIPPEN, JJ., with oral argument waived.

## SUMMARY OPINION

RANDALL, Judge.

### FACTS

Respondent William Hemmings pleaded guilty to attempted intrafamilial sexual abuse, Minn.Stat. § 609.3642, subd. 1(2)(e) (1982) and Minn.Stat. § 609.17 (1982). The trial court had the benefit of a psychological evaluation from a Brian Baschnagel, a licensed psychologist who indicated that respondent was "definitely amenable to treatment." The trial court also had the benefit of a report by the probation officer who, while recommending that respondent be committed to prison, also indicated that the trial court could depart if it desired to on the basis that respondent is reasonably amenable to treatment. The trial court stayed imposition of sentence and placed respondent on probation under the Washington County Court Services for seven and one-half years. The court conditioned the stay on respondent serving six months in the Washington County jail, completing sex offender treatment in which respondent was currently engaged, cooperating with any counseling recommended by the Human Services Department, and having no sexual contact with any child during

probation and no unsupervised contact with the victim of the offense.

## DECISION

We cannot say that the trial court abused its discretion in its dispositional departure. *State v. Trog*, 323 N.W.2d 28, 31 (Minn.1982); *State v. Wright*, 310 N.W.2d 461 (Minn.1981); *State v. Case*, 350 N.W.2d 473 (Minn.Ct.App.1984). The State argues that Minnesota judges in general have undermined the purpose of the sentencing guidelines in child sex abuse cases by frequently departing dispositionally through the use of the "particular amenability to treatment" exception. We disagree. The trial courts have discretion to depart providing a proper record in accordance with the sentencing guidelines is made. We so find here.

Affirmed.