**STATE of Minnesota, Respondent,**

v.

**William McLean HEMMINGS, Appellant.**

**Nos. C4-85-5, C3-85-593.**

Court of Appeals of Minnesota.

July 9, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert W. Kelly, Washington County Atty., Robert D. Goodell, Asst. Washington County Atty., Stillwater, for respondent.

Stevan S. Yasgur, St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

In June 1984, appellant William Hemmings pleaded guilty to attempted intrafamilial sexual abuse in the second degree, Minn.Stat. §§ 609.3642, subd. 1(2)(e) and 609.17 (1982). Appellant was originally charged with two completed intrafamilial sex offenses. His plea involved no sentencing promises, and he made no claim of innocence at that time.

In August 1984, the trial court stayed imposition of a sentence, a disposition which departed from sentencing guidelines. The stay was conditioned on serving six months time in jail and completing a sex

offender treatment program. This sentencing decision was affirmed in *State v. Hemmings,* 360 N.W.2d 672 (Minn.Ct.App. 1985).

Subsequent to the stay, appellant was terminated from the sex offender treatment program because of observations that he obstructed treatment.

In November 1984, the trial court denied appellant's motion to withdraw his guilty plea and this appeal was taken. One month later, a probation revocation hearing was held. The court found appellant unamenable to treatment, revoked its previous stay of sentencing, and sentenced appellant to prison for one year and one day, the presumptive sentence under the guidelines. This order was also appealed.

## ISSUES

1. Did the trial court abuse its discretion in denying appellant's motion to withdraw his guilty plea?

2. Did the trial court abuse its discretion in revoking probation?

## ANALYSIS

1. In *Doughman v. State,* 351 N.W.2d 671, 674 (Minn.Ct.App.1984,) *pet. for rev. denied,* (Minn. Oct. 16, 1984), we said:

A criminal defendant is permitted to withdraw a guilty plea following sentencing only upon proving "to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice." Rule 15.05, subd. 1, Minn.R.Crim.P. The decision whether to permit a plea of guilty to be withdrawn is addressed to the sound discretion of the trial court. *Chapman v. State,* 282 Minn. 13, 162 N.W.2d 698 (1968). Absent a clear abuse of discretion, the trial court's decision will not be disturbed on appeal. *State v. Jacobs,* 292 Minn. 41, 192 N.W.2d 816 (1971).

Appellant contends the trial court abused its discretion in denying his petition to withdraw his guilty plea. He argues he lacked the requisite criminal intent when he touched his daughter's breasts, that his attorney misinformed him on the significance of this claim, and that his plea was coerced by demands of a counselor.

█ The trial court found that appellant touched his daughter for satisfaction of his sexual impulses. The record shows this finding is correct. Minn.Stat. § 609.364, subd. 13 (1984) defines illegal sexual conduct as acts reasonably construed as being for the purpose of satisfying the actor's sexual or aggressive impulses. Appellant never previously claimed he lacked the requisite intent to satisfy himself. When he pleaded guilty, he acknowledged he was fully informed and properly advised by counsel. At sentencing he stated "Your Honor, I am guilty. I had to face some of that in counseling * * * I think I've done a lot of damage to my family and I would like to make an effort to make up for some of that." He expressed no doubts about his guilty plea. *See Coolen v. State,* 288 Minn. 44, 179 N.W.2d 81 (1970).

█ The record shows that appellant's attorney adequately informed him of the nature and elements of the offense. *State v. Propotnik,* 299 Minn. 56, 216 N.W.2d 637 (1974). His attorney advised that the jury would likely infer the required intent from the nature of the acts, and this was competent advice. *See State v. Hardimon,* 310 N.W.2d 564, 566 (Minn.1981). Appellant made a tactical decision to plead guilty, and he has waived the defense of lack of intent. *See State v. Peters,* 274 Minn. 309, 316, 143 N.W.2d 832, 837 (1966).

█ Appellant's contentions that the trial court should not have relied on appellant's own exhibit, that the trial court erred in relying on a "vibrator" incident, that his counselor at the treatment program coerced his guilty plea, that there was a conflict of interest by the treatment personnel, and that the State should be estopped from opposing withdrawal are without merit. It is not credible to argue that the trial court erred in relying on appellant's own exhibit. The "vibrator" incident was admissible as *Spreigl* evidence, relevant to appellant's intent. Appellant admitted no one made any promises to induce

his plea when he pleaded guilty. Appellant has not demonstrated a conflict of interest of treatment staff. There can be no estoppel of the state based on the fact that appellant relied on advice of his own attorney.

2. It is settled that the trial court has broad discretion to determine whether probation should be revoked, and that the decision to revoke will be upset only where a clear abuse of that discretion is shown. *State v. Austin*, 295 N.W.2d 246, 249–50 (Minn.1980); *State v. Spanyard*, 358 N.W.2d 125, 127 (Minn.Ct.App.1984), *pet. for rev. denied*, (Minn. Feb. 27, 1985).

Appellant was terminated from the sex offender treatment program because his response was found to be poor. He was considered unamenable to treatment by staff at a second treatment program. The trial court decision was sustained by the recommendation of appellant's probation officer and two experts from treatment programs. One therapist, Brian Baschnagel, a licensed psychologist employed in the sex offender treatment program at Washington County Human Services, who has 14 years of experience, originally recommended that appellant be placed in out-patient treatment as part of probation. He terminated appellant from treatment because of numerous events: (1) appellant sought to terminate his parental rights toward the victim; (2) appellant appellant increasingly resisted completing requirements of the treatment program; (3) appellant became more combative; (4) appellant felt the treatment program sided with the victim, a condition Baschnagel described as a "paranoid posture;" and (5) appellant minimized the effect of sexual abuse on the victim and disdain of society for this type of activity.

It was not an abuse of the trial court's discretion to revoke probation and impose the presumptive sentence.

## DECISION

The trial court did not err by denying appellant's petition to withdraw his guilty plea or by revoking probation.

Affirmed.