STATE of Minnesota, Respondent,

v.

Ray K. ROCK, Appellant.

No. C7–85–1083.

Court of Appeals of Minnesota.

Jan. 21, 1986.

Review Denied March 27, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert F. Carolan, Dakota Co. Atty., Mark Nathan Lystig, Asst. Dakota Co. Atty., Hastings, for respondent.

C. Paul Jones, Minn. State Public Defender, Anne Lewis, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

This criminal appeal challenges the trial court's revocation of probation and its imposition of a more severe sentence following the State's motion to correct the original sentence because of an error in the sentencing guidelines worksheet. We affirm but modify the sentence.

## FACTS

Appellant Raymond Rock pleaded guilty to two counts of first-degree intrafamilial sexual abuse in violation of Minn.Stat. § 609.3641, subd. 1(1) (1984), involving sex-

ual abuse of his step-daughter and daughter over an extended period of time. Rock's criminal history included convictions in 1965 for manslaughter and in 1967 for escape; he was discharged from those offenses in 1972. At the time of Rock's plea, he waived a presentence investigation. He was then sentenced to two consecutive terms of 43 months each (86 months total), based on a severity level VIII offense and a criminal history score of zero. The history score was zero because apparently the prosecutor and the court assumed the prior offenses had decayed. Minnesota Sentencing Guidelines II.B.1.e. The trial court dispositionally departed, stayed execution of sentence, and placed Rock on probation for 15 years. Conditions of probation included one year in the county jail, entrance and successful completion of the alcohol and sexual offender treatment program, and no contact with his wife or the victims. At the combined guilty plea and sentencing hearing, Rock was asked by the prosecutor, "My understanding is that that is the only felony charge [1965 manslaughter] to which you have ever been convicted; is that correct?" Rock answered, "Yes."

Although Rock was under oath, he did not disclose at that time that in 1980 he was convicted of battery to a peace officer in Wisconsin and was placed on probation for two years. This was a felony; there is no dispute that in Minnesota it would also be treated as a felony. *See* Minn.Stat. § 609.2231 (1984). This conviction would have interrupted the ten-year, offense-free period required for decay of Rock's prior convictions. As a result, Rock actually had a criminal history score of three, not zero. The State discovered this error more than three months later, after completion of a post-sentencing worksheet, and then moved to correct the sentence about three weeks later.

Subsequent to the State's motion, a probation revocation violation was noticed based on Rock's unamenability to sexual offender treatment. After a revocation hearing, the trial court amended the sentence to reflect Rock's criminal history score of three and modified the sentence to

concurrent terms of 76 and 95 months. The trial court found Rock violated the condition of sentence that he enter and successfully complete a treatment program and ordered that the sentences be executed.

## ISSUES

1. Did the trial court abuse its discretion in revoking probation and executing sentences?

2. Did the trial court improperly impose more severe sentences than those originally imposed at sentencing?

## ANALYSIS

### I

The trial court has broad discretion in determining whether to revoke probation. *State v. Austin*, 295 N.W.2d 246, 249–50 (Minn.1980); *State v. Hemmings*, 371 N.W.2d 44, 47 (Minn.Ct.App.1985). The trial court here had the benefit of a report prepared by Richard K. Seely, director of the Intensive Treatment Program for Sexual Aggressors at the Minnesota Security Hospital, as well as Seely's testimony at the revocation hearing. Seely indicated that Rock feels little remorse or regret and has a very antisocial personality. He indicated that Rock says he is not interested in trying to change and reported that Rock has shown very little motivation for treatment. Seely concluded that Rock was not a candidate for their program and is unlikely to enter and complete any program at this time.

Rock called Mary Dwyer, outreach services manager for Juel Fairbanks Chemical Dependency Services, who testified that Rock was a candidate for chemical dependency treatment. The probation revocation hearing was then continued to allow Rock an opportunity to be evaluated by Alpha House for their sexual offender program. A report from Alpha House indicated they would not accept Rock because of his lack of motivation for rehabilitation.

■ In *Hemmings* this court found no abuse of the trial court's discretion in revoking probation and imposing the presumptive executed sentences for the appellant's failure successfully to complete sexual offender treatment. *Hemmings*, 371 N.W.2d at 47. Here, Rock's failure to be accepted for treatment is due to his unwillingness to work with the treatment programs. His actions are inexcusable and reflect a willful violation of the conditions of his probation. The trial court did not abuse its discretion in revoking probation and imposing the presumptive executed sentences.

## II

When Rock pleaded guilty on July 31, 1984, he waived a presentence investigation and chose to be sentenced at that time. Not until November 8, 1984, was a sentencing worksheet prepared indicating that Rock had a 1980 Wisconsin felony conviction. When asked under oath at sentencing, Rock did not disclose this. The State moved to correct the sentencing to reflect the changes dictated by the increase in Rock's criminal history score. The trial court considered this motion at the same time it considered the probation violation, amended the original sentence, and sentenced Rock to concurrent terms of 76 and 95 months.

■ Rock contends that the trial court cannot impose a more severe penalty than that which it previously imposed, relying on *State v. Montjoy*, 354 N.W.2d 567 (Minn.Ct.App.1984). In *Montjoy* the appellant petitioned the trial court to reduce his sentence to reflect the 1983 reductions in mandatory minimum sentences. At that time, the State discovered the original sentence was erroneously computed and moved to correct the original sentence. The trial court increased the appellant's sentence. We reversed, noting that an authorized sentence by law cannot, constitutionally, be increased. *Id.* at 568 (citing *Kennedy v. United States*, 330 F.2d 26 (9th Cir.1964)). We also indicated that the State

could have appealed the sentence, had it brought a timely appeal. *Id.*

For reasons which the record does not disclose, the sentencing guidelines worksheet was not prepared until more than three months after sentencing. Had the worksheet been prepared timely, the State could have filed a sentencing appeal to correct the error. As it was, the sentence was a valid one and was authorized by law, albeit with an error. *See Bangert v. State*, 282 N.W.2d 540, 547 (Minn.1979) (sentence of life-time probation for first-degree murder was contrary to statute and invalid). We are concerned that it may appear that Rock benefits from a fraud committed on the court at sentencing. Fraud requires reliance, however, and neither the prosecutor nor the court had a right to rely on the answer of the defendant to an inquiry about his criminal record. His answer was given under oath; if the prosecution feels the facts justify it, the defendant can be charged with perjury.

■ Sentencing prior to completion of a sentencing worksheet is contrary to our rules of criminal procedure. *See* Minn.R. Crim.P. 27.03, subd. 1. Further, Minn.Stat. § 609.115, subd. 1 (1984), states in relevant part:

> When a defendant has been convicted * * * of a felony, the court shall, *before sentence is imposed*, cause a presentence investigation and written report to be made to the court * * *.

> When a defendant has been convicted of a felony *and before sentencing*, the court shall cause a sentencing worksheet to be completed to facilitate the application of the Minnesota sentencing guidelines.

(Emphasis added). It is not only poor practice to sentence without a sentencing worksheet, it is in violation of statute.

In addition, we are unaware of any general authority which permits the trial court to resentence a defendant, except under limited circumstances of Minn.R.Crim.P. 27.03, subd. 8 and subd. 9. Because the sentence here was authorized by law, the trial court lacked authority under the rules

to correct the sentence. The original sentence, as executed, must be reinstated.

### DECISION

The trial court did not abuse its discretion in revoking probation based on appellant's failure to enter and successfully complete sexual offender treatment. When appellant waived a presentence investigation report and an error in his criminal history score was discovered several months later by the State, and the State did not timely perfect a sentencing appeal, the trial court erred in imposing a more severe sentence upon resentencing. This court orders reinstated the original sentence of 86 months, executed.

Affirmed as modified.