**STATE of Minnesota, Respondent,**

v.

**Reggie A. RASNER, Appellant.**

**No. C9–85–2137.**

Court of Appeals of Minnesota.

March 11, 1986.

Hubert H. Humphrey, III, Atty. Gen., Raymond F. Schmitz, Olmsted Co. Atty.,

Debra A. Jacobson, Asst. Co. Atty., Rochester, for respondent.

Allen H. Aaron, Minneapolis, for appellant.

Heard, considered and decided by LESLIE, P.J., and PARKER and CRIPPEN, JJ.

## SUMMARY OPINION

LESLIE, Judge.

### FACTS

Appellant Reggie Rasner pleaded guilty to six counts of criminal sexual conduct in the second degree, Minn.Stat. § 609.-343(a)(b) (1984). The charges stemmed from appellant's ongoing sexual abuse of young girls, ages 10 to 16, in a roller-skating rink where he was the proprietor and teacher. Appellant fondled the thighs, breasts and genital areas of the girls and unzipped his pants and placed the girls' hands on his penis. This abuse extended over six to seven years. The presumptive sentence was an executed term of 50–58 months based on a severity level VI offense and a criminal history score of 5. The trial court stayed execution of sentence for 20 years, departed dispositionally and placed appellant on probation. Conditions of probation included restitution to the victims for counseling as well as participation in and successful completion of the Intensive Treatment Program for Sexual Aggressives (ITPSA) at the Minnesota Security Hospital at St. Peter, Minnesota. Appellant had sought out-patient treatment at the University of Minnesota Sexual Perpetrator Treatment Program, a program he had recently begun attending. The trial court had the benefit of a report from the ITPSA team which stated:

> This team does not concur that [the U of M program] may be effective in the long run * * *. The ITPSA team would accept him into this (ITPSA) program as a specific condition of his probation. He would need to participate in both the in-patient and out-patient phases of this program as a condition of his probation. This team cannot recommend any less

restrictive environment for him, as he harbors many of the characteristics for which the ITPSA is intended to treat.

The trial court noted in a departure report that appellant needs intensive in-patient treatment in view of the long term problem (conduct over a matter of years) and the harm to many victims. The trial court subsequently denied appellant's motion for a modification/reduction in sentence. In doing so the trial court stated in an accompanying memorandum:

> It appears to the Court that Defendant is unhappy with his original sentence, and is now attempting to secure a modification. The original sentence was appropriate and was within the recommendation made to the Court by qualified and competent evaluators of sex offenders. The sentence provides defendant an opportunity for treatment, in a setting appropriate for this defendant. This Court will not allow a defendant to, in effect, seek a re-sentencing and to blatantly "Judge-shop." The original sentence will remain.

### DECISION

Appellant claims the trial court abused its discretion in ordering him to an in-patient treatment program rather than an out-patient program. This contention is clearly without merit. The trial court had the discretion to consider and reject all alternatives. *See State v. Hemmings,* 360 N.W.2d 672 (Minn.Ct.App.1985). Of course, the trial court could have sentenced appellant to 50–58 months in prison. The record supports the trial court's decision to order appellant to enter and successfully complete the ITPSA program as a condition of probation. No abuse of discretion has been shown.

Affirmed.