Steven L. **TAUER**, Petitioner, Appellant,

v.

**STATE of Minnesota, Respondent.**

**No. C3–89–1915.**

Court of Appeals of Minnesota.

Feb. 13, 1990.

Review Denied March 16, 1990.

John M. Stuart, State Public Defender, Cathryn Y. Middlebrook, Minneapolis, for petitioner, appellant.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Asst. Atty. Gen., St. Paul, James Olson, Brown County Atty., New Ulm, for respondent.

Considered and decided by CRIPPEN, P.J., and GARDEBRING and FLEMING *, JJ.

---

* Acting as judge of the Court of Appeals by ap-    pointment pursuant to Minn. Const. art. 6, § 2.

## OPINION

GARDEBRING, Judge.

This is an appeal from the trial court's denial of appellant's petition for postconviction relief. On January 4, 1988, appellant Steven Tauer was orally sentenced at a hearing to 41 months in prison. The sentencing order, issued four days later, however designated his sentence as 45 months. On August 7, 1989, appellant filed a *pro se* petition for postconviction relief, which the trial court heard and then denied on September 28, 1989. This appeal followed and pursuant to a November 14, 1989, order this court granted appellant expedited review.

## FACTS

Appellant was convicted of one count of third degree burglary. Minn.Stat. § 609.582, subd. 3 (1986) He also pleaded guilty to the offense of failure to appear. Minn.Stat. § 609.49 (1986).

At the sentencing hearing, the following exchange took place between the trial court and defense counsel:

[THE COURT:] In consequence of these convictions you are hereby sentenced as follows: In File # 404, to 45-months in the custody of Corrections, less County Jail Credit totaling 55 days as of today, and $148 in restitution to the Minnesota National Guard here in New Ulm.

\* \* \* \* \* \*

MR. MORIARTY: Your Honor, the sentencing guidelines sheet says that the presumptive sentence is 41 months. Your Honor—

THE COURT: Thirty-seven to 45 is what I have here, unless I've made an error. I took that off the worksheet.

MR. MORIARTY: Mine says 41.

THE COURT: Well, let me have the file. I didn't intend to—(looking at file). You are right. It says 41. Where did I get that? Just a minute. I can't quickly find that. I either got the paperwork mixed up or just completely misread it. But I think you are right. It does say 41, and it stands corrected. Anything else?

In fact the sentencing guidelines provide a range of from 37 to 45 months. As was his custom, the trial judge dictated the sentence and order for commitment on the same day as appellant's hearing. While referring to his file, the judge learned defense counsel's comment had led to confusion. Hence, on the sentence and order for commitment form he wrote:

At sentencing there was some confusion as to what the guideline sentence might be. Defense counsel mentioned 41 months. Thinking it had made an error, the Court overlooked that the range within which a guideline sentence is permitted is 37–45 months given Defendant's criminal history score and the severity level involved. The Court intends a 45 month sentence based upon further reference to the relevant provisions of the guideline and its conclusion that counsel's implicit suggestion that a sentence in excess of 41 months would be a departure was in error.

On August 7, 1989, 19 months after the trial court filed its sentencing order, appellant petitioned for postconviction relief. Following a hearing the trial court denied such relief. This appeal followed.

## ISSUE

Did the trial court err in increasing appellant's sentence after the sentencing hearing?

## ANALYSIS

Trial courts are permitted to change a sentence under the limited circumstances of Minn.R.Crim.P. 27.03, subds. 8 and 9. *State v. Rock*, 380 N.W.2d 211, 213 (Minn. Ct.App.1986), *pet. for rev. denied* (Minn. Mar. 27, 1986).

Rule 27.03, subd. 9, states, "The court at any time may correct a sentence not authorized by law." In this case the guidelines provided a range between 37 and 45 months. Since 41 months fell within the scope of the guidelines, appellant's sentence was authorized. Thus, subd. 9 would not authorize the change made by the trial court. *See State v. Montjoy*, 354 N.W.2d 567, 568 (Minn.Ct.App.1984) (citing

*Kennedy v. United States,* 330 F.2d 26 (9th Cir.1964)).

■ Appellant also argues rule 27.03, subd. 8, does not apply. This rule states:

Clerical mistakes in judgments, orders, or other parts of the record or errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.

Minn.R.Crim.P. 27.03, subd. 8.

Appellant contends that since the trial judge himself changed the sentencing period no clerical error occurred. He also argues that the trial court's failure to clarify its own confusion at the hearing was not an error arising from oversight or omission.

To support his position appellant relies on *Rock,* in which the defendant waived a presentence investigation report and during his sentencing hearing failed to disclose a prior felony conviction. Upon discovering this fact three months later, the state moved to correct defendant's sentence according to his changed criminal history score. The trial court amended the original sentence, but on appeal this court held no authority existed to correct the sentence. *Rock,* 380 N.W.2d at 213–14.

*Rock* is distinguishable on its facts. In *Rock,* three months separated the sentencing hearing and the subsequent change. *Id.* at 212; *see State v. Isaacson,* 409 N.W.2d 291 (Minn.Ct.App.1987) (13 days separated the initial sentencing hearing and discovery of a prior probation revocation, the record of which was readily available). In contrast, here, only a matter of hours separated the hearing and the sentencing change. The trial court correctly characterizes the events on January 4, 1988, the day of the sentencing hearing, as a continuous proceeding in which the open court sentencing and subsequent dictation of the order were only interrupted by the time necessary for other matters on the calendar.

We hold that the trial court's erroneous reliance upon defense counsel's statements at the sentencing hearing, when its error was discovered and corrected the same day, constitutes an oversight which, pursuant to Minn.R.Crim.P. 27.03, subd. 8, permits the trial court to change the appellant's sentence.

■ Finally, we note the state's argument that appellant's postconviction petition was untimely and inappropriate is without merit. Where defendant takes a direct appeal, all claims known but not raised will not be considered upon a subsequent petition for postconviction relief. *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976); Minn.Stat. § 590.04, subd. 3 (1988). If no direct appeal is made, defendant is free to pursue the matter in a postconviction hearing. *Wensman v. State,* 342 N.W.2d 150, 151 (Minn.1984). In this case appellant took no direct appeal and hence his postconviction petition is proper.

## DECISION

The trial court did not err in increasing appellant's sentence upon discovering its oversight. Therefore, its denial of appellant's postconviction relief was appropriate.

Affirmed.