**STATE of Minnesota, Respondent,**

v.

**Brian Keith WALSH, Appellant.**

No. C2-90-289.

Court of Appeals of Minnesota.

May 22, 1990.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin County Atty., Michael Richardson, Asst. County Atty., Minneapolis, for respondent.

John M. Stuart, State Public Defender, Marie L. Wolf, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by LANSING, P.J., and PARKER and RANDALL, JJ.

## OPINION

LANSING, Judge.

This is an appeal from a trial court's imposition of a more severe penalty after the state moved for resentencing based on an error in a sentencing worksheet. Because we do not read the Minnesota Rules of Criminal Procedure to permit a post sentencing increase on these facts, we reverse and remand for reinstatement of the original sentence.

## FACTS

Appellant, Brian Walsh was convicted of third degree criminal sexual conduct by his plea of guilty in Hennepin County District Court. As part of the negotiated plea the state recommended that Walsh receive the presumptive guidelines sentence.

The sentencing worksheet prepared for the October 17, 1989 sentencing stated a presumptive sentence of 30 months. Because the severity level of the offense was incorrectly stated as 5 rather than 7, the presumptive sentence was also incorrectly stated as 30 rather than 49 months. The trial court sentenced Walsh to 30 months and the same day entered judgment including an order for commitment.

On October 20, 1989 the state filed a motion for resentencing requesting imposition of the guidelines sentence of 49 months. The trial court conducted a hearing on November 6, 1989 and resentenced Walsh to 49 months. Walsh appeals.

## ISSUE

Did the trial court err in increasing appellant's sentence from 30 to 49 months after the imposition of sentence and commitment?

## ANALYSIS

■ Minnesota Rules of Criminal Procedure permit the court at any time to correct a sentence not authorized by law. Minn.R. Crim.P. 27.03, subd. 9. The rules also allow for reduction of a sentence during a stay of imposition or execution. *Id.* The modification to Walsh's sentence increased an original sentence lawfully imposed, and cannot be grounded on these sections. *See State v. Rock,* 380 N.W.2d 211 (Minn.App. 1986) *pet. for rev. denied* (Minn. Mar. 27, 1986); *State v. Montjoy,* 354 N.W.2d 567 (Minn.App.1984).

■ The only additional authority under the rules to modify or correct a sentence is confined to clerical mistakes:

subd. 8 Clerical Mistakes. Clerical mistakes in judgments, orders, or other parts of the record or errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.

Minn.R.Crim.P. 27.03, subd. 8.

Clerical mistakes have been defined in a civil context:

Such a mistake ordinarily is apparent upon the face of the record and capable of being corrected by reference to the record only. It is usually a mistake in the clerical work of transcribing the particular record * * * [and] * * * cannot reasonably be attributed to the exercise of judicial consideration or discretion.

*Wilson v. City of Fergus Falls,* 181 Minn. 329, 332, 232 N.W. 322, 323 (1930). A distinction, again in a civil context, has been drawn between clerical errors and other mistakes:

[A] motion [to correct a clerical error] can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced.

11 C. Wright & A. Miller, Federal Practice and Procedure § 2854 (1st ed. 1973).

The incorrect information provided in the sentencing worksheet appears to be a judgmental rather than clerical error. Even if it were clerical, a clerical error in the sentencing guidelines worksheet is not a clerical mistake or error in the judgment, order or record. The sentencing guidelines worksheet is an important tool in the sentencing process, but it is not the sentence.

There is discretion vested in the court to pronounce sentence and a concurrent responsibility for insuring that the sentence pronounced is the one that is intended. The sentencing worksheet is provided to the prosecutor and the defense to allow them to check for such errors before the court pronounces sentence. *See* Minn.R. Crim.P. 27.03, subd. 1(C). Given this screening opportunity, an error in the sentencing worksheet cannot be included within the historical scope of "clerical error."

The state contends that *Tauer v. State*, 451 N.W.2d 649 (Minn.App.1990), *pet. for rev. denied* (Minn. Mar. 16, 1990) significantly extends the definition of clerical errors or errors in the record to include errors which occur as a result of oversight in sentencings. We do not agree.

The *Tauer* decision was premised on a factual situation in which "only a matter of hours separated the hearing and the sentencing change." *Id.* at 651. As the *Tauer* court stated:

The trial court correctly characterizes the events on * * * the day of the sentencing hearing as a continuous proceeding in which the open court sentencing and subsequent dictation of the order were only interrupted by the time necessary for other matters on the calendar.

*Id.* Those circumstances are not replicated here. The sentencing had been completed in both its stated and written form.

The facts surrounding Walsh's sentencing parallel those in *Montjoy* and *Rock*. In *Montjoy* this court held that a sentencing court could not increase a sentence from 54 to 90 months based on a sentencing worksheet error discovered 10 months after the sentence was imposed. In *Rock* we held that an incorrect criminal history score discovered 3 months after sentencing could not provide a basis for imposing a more severe sentence. The modification of Walsh's sentence took place within a shorter time frame, one month from the original sentence, but the principle remains the same.

■ We recognize that double jeopardy considerations do not per se prohibit a court from increasing a sentence after the defendant has begun to serve it. *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). There are, however, reasons to recognize the criminal defendant's legitimate expectation of finality in sentence once it has been pronounced.

For of what avail is the constitutional protection against more than one trial if there can be any number of sentences pronounced on the same verdict? Why is it that, having once been tried and found guilty, he can never be tried again for that offense? Manifestly it is not the danger or jeopardy of being a second time found guilty. It is the punishment that would legally follow the second conviction which is the real danger guarded against by the Constitution. But if, after judgment has been rendered on the conviction, and the sentence of that judgment executed on the criminal, he can be again sentenced on that conviction to another and different punishment a second time, is the constitutional restriction of any value? Is not its intent and its spirit in such a case as much violated as if a new trial had been had, and on a second conviction a second punishment inflicted?

*Ex parte Lange*, 85 U.S. (18 Wall.) 163, 173, 21 L.Ed. 872 (1873).

The state asks us to distinguish *Rock* and *Montjoy* because in those cases the time for appeal had expired. Minn.R. Crim.P. 28.04, subd. 1(2). We think that the availability of an appeal weighs even more heavily against permitting a resentencing. If the trial court's original sentence departed from the sentencing guidelines without proper findings, this provides an appropriate basis for an appeal, but not for resentencing.

Reversed and remanded for reinstatement of original sentence.