STATE of Minnesota, Respondent,

v.

**Casey BORREGO, Appellant.**

No. C8–02–1664.

Court of Appeals of Minnesota.

May 27, 2003.

Mike Hatch, Attorney General, St. Paul, MN, and Boyd Beccue, Kandiyohi County Attorney, Willmar, MN, for Respondent.

John E. Mack, Mack & Daby, P.A., New London, MN, for Appellant.

Considered and decided by WILLIS, Presiding Judge, SCHUMACHER, Judge, and G. BARRY ANDERSON, Judge.

## OPINION

G. BARRY ANDERSON, Judge.

Appellant pleaded guilty to one count of fourth-degree possession of a controlled substance. The district court imposed what it believed to be a 30–month presumptive sentence but did not address whether the sentence would be served consecutively or concurrently with appellant's probationary sentence resulting from his supervised release. After learning from a corrections officer that the sentencing guidelines presumed consecutive sentencing under these circumstances, the district court vacated the original sentence as a downward-durational departure not supported by mitigating factors and therefore an unauthorized sentence pursuant to Minn. R.Crim. P. 27.03. The district court re-sentenced appellant to a 30–month consecutive sentence. Because the original sentence was not unauthorized, we reverse and remand.

## FACTS

On May 24, 2002 appellant Casey Borrego was charged with two counts of a controlled-substance crime in the first degree, in violation of Minn.Stat. § 152.021 (2000); driving after revocation in violation of Minn.Stat. § 171.24 (2000); and possession of drug paraphernalia in violation of Minn. Stat. § 152.092 (2000).

Pursuant to a plea agreement, appellant pleaded guilty to fourth-degree possession of a controlled substance with intent to sell, in violation of Minn.Stat. § 152.024, subd. 2(2) (2000). The state agreed to dismiss all other charges and agreed "not [to] seek an upward departure." The parties also agreed that because of appellant's criminal history, the presumptive sentence in this matter was a 30–month prison term. During sentencing, the district court questioned appellant about his understanding of the plea agreement:

Court: Do you understand that you will be going to prison for thirty months for this offense?

Appellant: Yes, sir.

Court: Are you prepared to accept that?

Appellant: Yes, sir.

The district court then accepted appellant's guilty plea, appellant waived the presentence investigation, and the district court imposed an executed sentence of 30 months. Appellant was also sentenced on an unrelated misdemeanor assault charge. During sentencing, appellant's supervised release status was not brought to the district court's attention. The district court did not address whether the new sentence would be served consecutively or concurrently to the previously imposed sentence.

The day following sentencing, appellant's probation officer informed the court that because appellant was on supervised release when he committed the new offense, the sentencing guidelines presumed that the new sentence would be served consecutively to appellant's prior sentence. The corrections officer suggested that appellant had, in effect, been given a downward departure that he was not entitled to and asked the district court to address this issue "[i]n the interest of accountability, public safety and adherence" to the sentencing guidelines.

After receiving the correction officer's letter, the district court scheduled a hear-

ing to review appellant's sentence. Asserting a mistake of fact, the district court vacated appellant's sentence and gave him the opportunity to withdraw his plea and proceed to trial. Appellant declined, preferring to appeal, and the district court found that a downward departure was not appropriate. The district court re-sentenced appellant to 30 months in prison to be "served on a consecutive basis with the Defendant's incarceration for his prior offense." This appeal followed.

### ISSUE

Did the district court err by re-sentencing appellant to consecutive terms pursuant to the sentencing guidelines after previously imposing concurrent prison terms?

### ANALYSIS

 The district court may, at any time, correct a sentence that is not authorized by law. Minn. R.Crim. P. 27.03, subd. 9. For a sentence to be unauthorized, it must be contrary to law or applicable statutes. *State v. Humes*, 581 N.W.2d 317, 319–20 (Minn.1998). A district court's decision to correct an unauthorized sentence will not be reversed on appeal if the district court properly exercised its discretion. *State v. Cook*, 617 N.W.2d 417, 419 (Minn.App.2000), *review denied* (Minn. Nov. 21, 2000). Interpretation of a sentencing statute is a question of law which this court reviews de novo. *State v. Koperski*, 611 N.W.2d 569, 571 (Minn.App. 2000). Double jeopardy and due process concerns arise when the person being sentenced develops "a crystallized expectation of finality in his sentence." *State v. Garcia*, 582 N.W.2d 879, 881 (Minn.1998).

 Appellant argues that the district court did not have the authority to impose consecutive prison terms after previously imposing concurrent terms of incarceration. Although he acknowledges that Minn. R.Crim. P. 27.03, subd. 9, allows the district court to correct, at any time, "a sentence not authorized by law," appellant argues that even though the district court did not intend to impose what amounted to a downward departure, the original sentence was not an unauthorized sentence.

Appellant argues that *State v. Walsh*, 456 N.W.2d 442 (Minn.App.1990) is instructive here. In *Walsh*, the appellant challenged the district court's decision to impose a more severe sentence after the district court discovered that the sentencing-guidelines worksheet incorrectly stated the appellant's criminal history. *Id.* at 443. The state maintained that the mistaken entry of appellant's criminal history score that led the court to impose a sentence of 30 months, rather than the 49 months called for had his actual criminal history score been known, represented a clerical error subject to correction under Minn. R.Crim. P. 27.03, subd. 8. *Id.*

The *Walsh* court observed that both the defense and prosecuting attorney reviewed the guideline sheet prior to sentencing, and, given this screening process, any error in the worksheet was not merely clerical. *Id.* at 444. Further, noting that the sentencing-guidelines worksheet represented nothing more than a tool, not the sentence itself, the *Walsh* court held that incorrect information on the worksheet was an error in judgment. *Id.* at 443. Based on these factors and the appellant's expectation of finality, this court reinstated the original 30–month sentence. *Id.* at 444. The *Walsh* court noted that if what amounted to a downward departure was imposed without proper findings, such a sentence may be grounds for appeal, but not grounds for re-sentencing. *Walsh*, 456 N.W.2d at 444.

An unauthorized sentence must be contrary to statutory requirements. *Humes,* 581 N.W.2d at 319. For example, in *Garcia,* the district court's imposition of a sentence without the imposition of a conditional-release term as required by Minn. Stat. § 609.346 was held to be unauthorized. *Garcia,* 582 N.W.2d at 882. Likewise a sentence that did not give an appellant placed on conditional release credit for time the appellant spent on supervised release on an unrelated matter violated Minn.Stat. § 609.346, subd. 5, which requires any supervised release time served be deducted from the conditional-release time served and was therefore unauthorized. *Koperski,* 611 N.W.2d at 571–3.

■ Here, appellant is correct in his assertion that the original sentence was not unauthorized. No statute or case law forbids the district court from imposing concurrent sentences in this case. While the sentencing guidelines state that consecutive sentences are presumed, this presumption does not make the sentence unauthorized. The purpose of the sentencing guidelines is simply to "offer a measure of evenhandedness and predictability to defendants" and to ensure their sentences are not based "upon inappropriate grounds such as race, gender, social or economic status." *State v. Givens,* 544 N.W.2d 774, 777 (Minn.1996). But neither party has a right to demand that the sentence imposed be in accord with sentencing guidelines. *State v. Misquadace,* 644 N.W.2d 65, 67 (Minn.2002).

Like *Walsh,* the district court here was mistaken about appellant's presumptive sentence. And as in *Walsh,* the district court unintentionally imposed a sentence that was less than the presumptive sentence. Although appellant's sentence may represent a downward departure that the district court did not wish to grant, this accidental departure does not mean the sentence is unauthorized by statute. *See Walsh,* 456 N.W.2d at 444.

■ Appellant was sentenced and was incarcerated as required by the legally imposed sentence, pursuant to a plea agreement with the state. To allow the district court to correct its error in judgment would violate appellant's rights to due process. *State v. Calmes,* 632 N.W.2d 641, 645 (Minn.2001).

Because his original concurrent sentence represents an unintentional, but legally permissible, downward departure, rather than a violation of law, we conclude the district court erred by subsequently imposing consecutive sentences. *See Walsh,* 456 N.W.2d at 444. We remand this matter to the district court to reinstate the original sentence.

## DECISION

A mistaken sentence, effectively a downward departure unintended by the district court and not supported by mitigating factors, was legally permissible and therefore not unauthorized by law. The district court erred by concluding that the sentence was unauthorized and re-sentencing appellant to serve a 30–month sentence to run consecutively to a previously imposed sentence. We remand this matter to the district court for reinstatement of the original sentence.

**Reversed and remanded.**