*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0165**

State of Minnesota,
Respondent,

vs.

David Eugene Nelson,
Appellant.

**Filed October 6, 2014
Affirmed in part, reversed in part, and remanded
Reyes, Judge**

Dakota County District Court
File No. 19HACR112999

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James Backstrom, Dakota County Attorney, Hastings, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer L. Lauermann, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Reilly, Presiding Judge; Peterson, Judge; and Reyes, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REYES**, Judge

In this sentencing appeal, appellant argues that (1) the district court abused its discretion and his sentence must be corrected because a ten-year conditional-release period is not authorized by law for his kidnapping conviction and (2) his 240-month

statutory-maximum sentence for burglary unfairly exaggerates the criminality of his conduct. We affirm in part, reverse in part, and remand.

## FACTS

After harassing, stalking, and brutally attacking a woman with whom he had been romantically involved, causing wounds to her head that required over 30 staples to close, appellant David Eugene Nelson was convicted of first-degree, third-degree, and fifth-degree assault; two counts of first-degree burglary; engaging in a pattern of stalking conduct; and kidnapping. The jury also specially found that the victim was "treated with particular cruelty" in connection with all of the offenses, all of the offenses involved "a high degree of sophistication or planning," and all of the offenses occurred in a location where the victim had "an expectation of privacy." The district court imposed an upward durational departure, sentencing Nelson to 18 months' imprisonment for engaging in a pattern of stalking conduct, a concurrent term of 240 months in prison for first-degree burglary, and a concurrent 117-month term for kidnapping "subject to any extended conditional-release period provided by Minnesota law."

Nelson appealed, and we affirmed in part, reversed in part, and remanded to the district court for resentencing because the district court's reliance on the particular-cruelty and zone-of-privacy aggravating factors in support of an upward durational departure was impermissible. *State v. Nelson*, A12-1037, 2013 WL 3155409, *8-*10 (Minn. App. June 24, 2013), *review denied* (Minn. Sept. 17, 2013). We held that the additional aggravating factor of sophistication and planning was a permissible basis for departure, but we remanded to the district court for resentencing without reliance on the

2

improper aggravating factors. *Id.* On remand, the district court adopted our analysis, reiterated its findings in support of the high degree of sophistication and planning, and resentenced Nelson to the same 240 months solely on the basis of that factor. This appeal follows.[1]

## D E C I S I O N

### I.      Conditional release

Nelson first argues that his sentence must be corrected because the district court erroneously imposed a conditional-release period of 10 years, which is not authorized by law for a kidnapping conviction. We agree.

A sentence is unauthorized by law if it does not meet the requirements of the applicable sentencing statute. *State v. Cook*, 617 N.W.2d 417, 419 (Minn. App. 2000), *review denied* (Minn. Nov. 21, 2000). Interpretation of a sentencing statute is a question of law subject to de novo review. *State v. Borrego*, 661 N.W.2d 663, 666 (Minn. App. 2003).

At the sentencing hearing, the district court correctly ordered Nelson to register as a predatory offender. Minn. Stat. § 243.166, subd. 1b (2010) (requiring registration for a person charged with a felony violation of kidnapping under Minn. Stat. § 609.25 (2010)). But as to conditional release, the district court stated that Nelson's kidnapping sentence was "subject to any extended conditional-release period provided by Minnesota law." At resentencing, the district court reiterated that Nelson's kidnapping sentence would be

---

[1] The state did not file a responding brief, and we ordered that the appeal proceed under Minn. R. Civ. App. P. 142.03.

"subject to any conditional release imposed by Minnesota law." This order was reflected in the district court's warrant of commitment, which erroneously states that Nelson's sentence for kidnapping is "[s]ubject to any extended conditional release imposed by Minnesota Law" and that "[c]onditional release after confinement has been set at 10 years."

Minnesota law does not authorize a conditional-release period for kidnapping. Minn. Stat. § 609.25, subd. 2 (making no mention of conditional release for offense of kidnapping); *see* Minn. Stat. § 609.3455, subd. 6 (2010) (stating that when the district court commits an offender to custody for violation of certain enumerated statutes not including kidnapping, the district court "shall provide that, after the offender has completed the sentence imposed, the commissioner shall place the offender on conditional release for ten years"). Accordingly, the district court erroneously imposed conditional release for Nelson's kidnapping conviction, and we reverse and remand for a new sentencing order.

## II.     Upward departure

On remand, the district court resentenced Nelson to 240 months' imprisonment for first-degree burglary, a quadruple upward durational departure, based on the single aggravating factor of sophistication and planning. Nelson argues that this aggravating factor unfairly exaggerates the criminality of his conduct. We disagree.

A district court must impose the presumptive guidelines sentence unless "identifiable, substantial, and compelling circumstances" warrant an upward departure. Minn. Sent. Guidelines II.D. (2010). Substantial and compelling circumstances are those

showing that the defendant's conduct was significantly more serious than that typically involved in the commission of the offense. *State v. Edwards*, 774 N.W.2d 596, 601 (Minn. 2009). When such circumstances are present, whether to depart from the presumptive sentence is left to the district court's discretion. *State v. Stanke*, 764 N.W.2d 824, 827 (Minn. 2009).

"[A] departure can be affirmed even if based on a single aggravating factor," and "[a] double durational departure is generally the 'upper limit' of a sentencing departure." *State v. Ayala-Leyva*, 848 N.W.2d 546, 558 (Minn. App. 2014), *review granted on other grounds* (Minn. Aug. 5, 2014). But "[w]hile courts usually should restrict sentences to double departures, when severe aggravating factors are present[,] the only limit is the maximum sentence provided by the legislature." *State v. Sebasky*, 547 N.W.2d 93, 100 (Minn. App. 1996), *review denied* (Minn. June 19, 1996); *see Dillon v. State*, 781 N.W.2d 588, 598-99 (Minn. App. 2010), *review denied* (Minn. July 20, 2010) (greater-than-double departure justified where severe aggravating factors present); *see also State v. Mortland*, 399 N.W.2d 92, 94 & n.1 (Minn. 1987) (providing that only in cases of "severe aggravating circumstances" may the district court impose a greater-than-double departure from the presumptive sentence). Such cases are "extremely rare." *State v. Spain*, 590 N.W.2d 85, 89 (Minn. 1999).

We remanded the case for the district court to determine the sentence it would have imposed absent the aggravating factors of particular cruelty and invasion of the victim's zone of privacy. On resentencing, the district court reexamined the aggravating circumstances of Nelson's planning conduct and imposed the same 240-month sentence.

5

When an offense involves a high degree of planning, that factor can constitute a basis for an upward durational departure. *State v. Yaritz*, 791 N.W.2d 138, 146 (Minn. App. 2010), *review denied* (Minn. Feb. 23, 2011). Here, the record contains ample evidence of Nelson's planning conduct. To keep Nelson from finding her, the victim moved to a new apartment and used a P.O. box. But Nelson continued to monitor the victim, tracking her down, and even living in a shed near her workplace.[2] The day before he assaulted the victim, Nelson interfered with her hallway light. And on the day he assaulted her, Nelson entered her apartment building several times, targeting her specific apartment at the time she habitually left for work. As we held on Nelson's prior appeal and the district court articulated on resentencing, whether Nelson was confirming which apartment belonged to the victim, identifying when she left for work, assessing how to confront the victim, or otherwise, his conduct demonstrates carefully calculated preparation for the burglary he committed. Additionally, Nelson brought a dime and super glue to the victim's apartment and used them to obstruct the keyhole of her apartment door so that no one could enter while he assaulted the victim. Finally, before the assault, Nelson waited off to the side of the victim's apartment door so that she would not be able to see him if she looked through the peephole.

The district court, which "ha[d] the opportunity to preside over the trial" and "heard every word of the trial testimony," adopted our analysis and re-adopted its

---

[2] As we pointed out on Nelson's previous appeal, Nelson did not intend for the victim to be aware of his monitoring, and she was largely unaware of it. As a result, Nelson's conduct was not stalking conduct but independent planning conduct. *See* Minn. Stat. § 609.749, subd. 5(a) (2010) (requiring that the actor know stalking conduct will cause victim to feel terrorized or to fear bodily harm and that it actually causes that reaction).

findings at the time of the original sentencing to characterize Nelson's chillingly elaborate and meticulous planning conduct as "an act of hunting." This "extremely sophisticated planning and preparation" was severe, and the district court judge noted that the circumstances of Nelson's preparation and subsequent attack of the victim were some of the most shocking that she had seen in her 17 years as a judge and 30 years of experience with the criminal-justice system. The district court carefully considered the facts relating to the sophistication and planning of Nelson's burglary and concluded that "the 240-month statutory maximum sentence does not exaggerate the criminality of [Nelson's] conduct." Accordingly, we hold that this is one of the rare cases in which the aggravating circumstances underlying Nelson's planning conduct were severe, and the district court did not abuse its discretion in departing to the maximum sentence provided by the legislature.

**Affirmed in part, reversed in part, and remanded.**