**STATE of Minnesota, Respondent,**

v.

**Michael James COOK, Appellant.**

No. C6–00–458.

Court of Appeals of Minnesota.

Sept. 12, 2000.

Review Denied Nov. 21, 2000.

**418**

Mike Hatch, Attorney General, Robert A. Stanich, Assistant Attorney General, St. Paul, and Patrick A. Oman, Mower County Attorney, Austin, for respondent.

John M. Stuart, State Public Defender, Cathryn Y. Middlebrook, Assistant Public Defender, Minneapolis, for appellant.

Considered and decided by LANSING, Presiding Judge, SCHUMACHER, Judge, and KLAPHAKE, Judge.

## OPINION

LANSING, Judge

Michael Cook appeals from his sentence for a criminal-sexual-conduct conviction, asserting that the district court erred by imposing a ten-year conditional release period under Minn.Stat. § 609.109, subd. 7 (1998). The district court did not err by

imposing the statutory ten-year conditional release, and we affirm Cook's sentence.

## FACTS

In December 1996, Michael Cook's stepdaughter reported that he had been sexually abusing her. Following an investigation, the state charged Cook with two counts of first-degree criminal sexual conduct under Minn.Stat. § 609.342, subd. 1(1) (1996), and one count of second-degree criminal sexual conduct under Minn.Stat. § 609.343, subd. 1(a) (1996). On October 9, 1998, pursuant to a plea agreement, Cook pleaded guilty to fourth-degree criminal sexual conduct under Minn.Stat. § 609.345, subd. 1(b) (1996).

The court sentenced Cook to 36 months, followed by a ten-year conditional release because he had a prior 1988 conviction for intrafamilial sexual abuse under a now-repealed statute. On January 6, 2000, Cook moved for a sentencing correction under Minn. R.Crim. P. 27.03, which provides that the court may at any time correct a sentence that is not authorized by law. Cook asserted that the ten-year conditional-release period was not authorized by Minn.Stat. § 609.109, subd. 7 (1998), because his prior 1988 conviction did not qualify to increase the conditional-release period to ten years. The court denied Cook's motion, and this appeal followed.

## ISSUES

I. Did the district court err by imposing a ten-year conditional release under Minn.Stat. § 609.109, subd. 7 (1998), based on Cook's prior conviction under Minn.Stat. § 609.3642 (repealed 1985)?

II. Does Cook state a cognizable claim for relief from the conditions of his confinement?

## ANALYSIS

The district court has jurisdiction at any time to correct a sentence that is not authorized by law. Minn. R.Crim. P.

27.03, subd. 9. A motion for correction is addressed to the district court's discretion and will be reversed on appeal only when discretion is not properly exercised and the sentence is unauthorized by law. *State v. Stutelberg*, 435 N.W.2d 632, 633–34 (Minn.App.1989); *see also United States v. Kadota*, 757 F.2d 198, 199 (8th Cir.1985), *cert. denied*, 474 U.S. 839, 106 S.Ct. 120, 88 L.Ed.2d 98 (1985) (identifying standard for review as abuse of discretion in appeal from denial of motion under Fed.R.Civ.P. 35, the federal counterpart to Minn. R.Crim. P. 27.03, subd. 9). A criminal sentence that is contrary to the requirements of the applicable sentencing statute is unauthorized by law. *State v. Humes*, 581 N.W.2d 317, 319 (Minn.1998).

## I

A court sentencing a person for conviction of certain sex crimes must also place that person on conditional release following completion of the sentence. Minn.Stat. § 609.109, subd. 7 (1998). The length of the conditional-release period depends upon the number and nature of any prior convictions:

> [W]hen a court sentences a person to prison for a violation of section 609.342, 609.343, 609.344, or 609.345, * * * the person shall be placed on conditional release for five years * * * *. If the person was convicted for a violation of one of those sections a second or subsequent time, * * * the person shall be placed on conditional release for ten years * * * *.

*Id.; see Humes*, 581 N.W.2d at 319 (holding that conditional release is mandatory under statute).

Now codified in the sentencing section of the criminal statutes, the identical conditional-release requirement was codified in the criminal-sexual-conduct sections before 1998. *See* Minn.Stat. § 609.346, subd. 5 (1996) (repealed by 1998 Minn. Laws ch. 367, art. 6, § 16). The conduct underlying Cook's conviction was reported in 1996, and thus conditional release should have been imposed under Minn.Stat. § 609.346, subd. 5, instead of its successor, Minn.Stat. § 609.109, subd. 7. But both Cook and the district court addressed the issue with reference to section 609.109, subdivision 7, and, because the 1998 recodification effected no substantive change, we refer to section 609.109, subdivision 7, as well.

■ The district court found that Cook's prior conviction for intrafamilial sexual abuse under section 609.3642 (repealed 1985) increased the length of the conditional-release period to ten years. Cook maintains that because this prior conviction is not specifically enumerated in this statute, his current conviction is his "first" under this statute and the five-year conditional-release period applies.

Our analysis begins with the history of these interrelated statutes. Before 1985, the Minnesota Statutes treated intrafamilial sexual abuse separately from criminal sexual conduct that did not involve a familial relationship. *See* Minn.Stat. §§ 609.364–.3644 (1984) (proscribing first- through fourth-degree intrafamilial sexual abuse). In 1985, the legislature repealed the intrafamilial-sexual-abuse statutes. 1985 Minn. Laws ch. 286, § 24. At the same time, the legislature added penalties to the criminal-sexual-conduct statutes for sexual penetration or sexual contact by an actor who has a significant relationship to the complainant. 1985 Minn. Laws ch. 286, §§ 14–18 (currently codified at Minn. Stat. § 609.341–.345 (1998)). Significant relationships include parent-child and step-parent-child relationships. Minn.Stat. § 609.341, subd. 15 (1998). The legislature stated that the purpose of the amendments was to merge the crimes of intrafamilial sexual abuse and criminal sexual conduct. 1985 Minn. Laws ch. 286 (preamble); *State v. Robinson*, 476 N.W.2d 896, 900 (Minn. App.1991), *aff'd as modified*, 480 N.W.2d 644 (Minn.1992).

In *State v. Robinson*, this court held that a conviction under the repealed intrafamilial-sexual-abuse statute constituted a

"previous sex offense conviction[ ] under section 609.342, 609.343, or 609.344" and thus triggered a mandatory 37–year minimum sentence under Minn.Stat. § 609.346, subd. 2a (Supp.1989). 476 N.W.2d at 900. The court reasoned that the offenses of the intrafamilial-sexual-abuse statute had been merged into the criminal-sexual-conduct statute; that statutes concurrently repealed and reenacted without substantial amendment are construed as continued in active operation; and that "[a]ll rights and liabilities incurred under the earlier law are preserved and may be enforced." *Id.* (citing Minn.Stat. § 645.37 (1990)). Thus, the court concluded that convictions under Minn.Stat. § 609.3642, just as convictions under sections 609.342–.344, triggered the mandatory minimum. *Id.*

The sentencing issue in *Robinson* is parallel to the sentencing issue in this case and the same rationale should apply. Thus we hold that Cook's conviction for intrafamilial sexual abuse under Minn.Stat. § 609.3642 triggers the ten-year conditional-release period of Minn.Stat. 609.109, subd. 7. Although Minn.Stat. § 609.109, subd. 7, does not include a specific reference to Minn.Stat. § 609.3642, the conduct underlying such a conviction is now proscribed by sections that are enumerated. The legislature merged section 609.3642, without interruption, into the criminal-sexual-conduct statutes and expressed its intent that convictions under the former statute should be treated as convictions under the successor criminal-sexual-conduct statutes. To otherwise construe the statute would promote an absurd result because prior convictions for intrafamilial sexual abuse under the amended criminal-sexual-conduct statute would trigger the ten-year conditional release, but convictions for the same conduct under the old intrafamilial-sexual-abuse statute would not. *See* Minn.Stat. § 645.17(1) (1998) (legislature does not intend an absurd result).

Cook argues that interpreting section 609.109, subdivision 7, to exclude prior con-

victions under section 609.3642 does not promote an absurd result, but rather enforces a legislative intent to impose a time limit for convictions to trigger the ten-year conditional-release period. We are not persuaded by this argument. First, there is no rationale for interpreting the statute to impose a time limit on intrafamilial-sexual-abuse convictions but not on other criminal-sexual-conduct convictions. Further, under Cook's construction of the statute, the age of prior convictions that could trigger the ten-year conditional-release period would change every year. For instance, in 1986, one year after the intrafamilial-sexual-abuse offense was merged into the criminal-sexual-conduct statutes, only convictions less than one year old could trigger the ten-year conditional-release period. But now, 15 years after the merger, convictions up to 15 years old would trigger the same conditional-release period. There is no evidence that this was the legislature's intent.

## II

■ Cook also challenges, by pro se supplemental brief, the conditions of his incarceration. The state has moved this court to strike Cook's brief, arguing that it contains material outside the record. The record on appeal consists of "papers filed in the trial court, the offered exhibits, and the transcript of the proceedings, if any." Minn. R.Crim. P. 28.02, subd. 8. Cook's brief deals entirely with conditions of his incarceration that were not part of the sentencing record. Thus, we grant the state's motion to strike Cook's supplemental brief.

Even if we considered the material, however, Cook has not stated a cognizable claim for relief from this court. Cook asserts that a public risk monitoring program has prevented him from obtaining work-release status and that his participation in that program was not included in his sentence. But the Commissioner of Corrections, not the sentencing court, is responsible for determining the conditions

of a prisoner's incarceration. *See* Minn. Stat. § 609.105, subd. 2 (1998) (providing that Commissioner shall "prescribe reasonable conditions and rules for [prisoners'] employment, conduct, instruction, and discipline within or without the facility"); *State v. Burdick,* 355 N.W.2d 176, 178 (Minn.App.1984) (holding that sentencing court does not have authority to require chemical dependency program during incarceration). Cook has not alleged that the Commissioner has exceeded statutory authority or that the Commissioner's decision to impose public risk monitoring violates Cook's constitutional or statutory rights. *Cf. Nicolaison v. Erickson,* 425 N.W.2d 597, 598–99 (Minn.App.1988) (holding that Corrections policy denying a prisoner a work assignment did not violate the Minnesota constitution or statutes), *review denied* (Minn. Aug. 24, 1988).

### DECISION

Because a conviction under the former intrafamilial-sexual-abuse statute, Minn. Stat. § 609.3642 (repealed 1985), does trigger a ten-year conditional-release period under Minn.Stat. § 609.109, subd. 7 (1998), the district court did not err by imposing the ten-year conditional release as part of Cook's sentence, and we accordingly affirm the sentence.

**Affirmed; motion granted.**