**STATE of Minnesota, Respondent,**

v.

**Bruce Norman NOGGLE, Appellant.**

Nos. C1–02–629, C8–02–630.

Court of Appeals of Minnesota.

March 18, 2003.

Mike Hatch, Attorney General, St. Paul, MN; and Thomas Harbinson, Scott County Attorney, Kevin Golden, Assistant County Attorney, Shakopee, MN, for respondent.

John Stuart, State Public Defender, Sara L. Martin, Assistant Public Defender, Minneapolis, MN, for appellant.

Considered and decided by SCHUMACHER, Presiding Judge, WILLIS, Judge, and ANDERSON, Judge.

## OPINION

G. BARRY ANDERSON, Judge.

Appellant challenges the imposition of a ten-year conditional-release term for sexu-

al offenses committed against three minor children. Because we conclude that the district court erred as a matter of law by relying on an inapplicable statute to impose the conditional-release term, and because Minnesota law compels a contrary legal conclusion, we reverse.

## FACTS

Appellant Bruce Norman Noggle was 14 years old in 1995 and lived with his sister, G.G., in her apartment. Also living in the apartment was G.G.'s husband; her husband's two sons, N.G. and J.G.; and G.G.'s daughter, A.J.

In the fall of 1998, N.G. and J.G. told their school social worker that appellant sexually abused them in 1995 when N.G. was seven years old and J.G. was five years old. There was detailed and specific trial testimony of multiple acts of sexual abuse by appellant against both victims. On July 23, 2001, a jury convicted appellant on eight counts of criminal sexual conduct for the 1995 offenses involving N.G. and J.G.

In an unrelated case against appellant, A.J. alleged that appellant sexually abused her from 1995 to 1997, when A.J. was between seven and nine years old. While appellant lived at G.G.'s home, he stayed in A.J.'s bedroom. There was testimony about multiple acts of sexual abuse by appellant, along with an admission by appellant that he had committed these acts

"many, many times, too many to count." A.J. also testified that appellant told her not to tell anyone what happened.

On January 16, 2002, appellant pleaded guilty to second-degree criminal sexual conduct for the offenses committed against A.J. That same day, the district court sentenced appellant to three concurrent terms of 72 months, executed, for the offenses involving N.G., J.G., and A.J.[1] The district court also imposed a ten-year conditional release term for each offense. This appeal followed.

## ISSUE

Was it error for the district court to impose a ten-year conditional-release term?

## ANALYSIS

 The issue presented in this appeal is the proper construction of Minn. Stat. § 609.109, subd. 7(a) (2000), concerning the sentencing of repeat sexual offenders. Appellant argues that the district court erred as a matter of law by imposing a ten-year conditional-release term.[2] Appellant asserts that because he had no previous sexual-offense convictions, Minnesota law permits only a five-year conditional-release term.

 Whether the district court properly construed a statute is a question of law subject to de novo review. *State v.*

---

1. The district court departed downward in sentencing appellant because of appellant's age, remorse, admissions, amenability to treatment, and a pre-sentence investigation recommendation that appellant would be more likely to receive treatment if he were sent to prison rather than to a local jail.

2. "Conditional release is a period of supervision by the Commissioner of Corrections.

The commissioner may revoke the conditional release and order the person to serve the remaining portion of the release term in prison if the terms of the release, crafted by the commissioner, are violated." *State v. Jumping Eagle,* 620 N.W.2d 42, 43 n. 1 (Minn. 2000) (citing Minn.Stat. 609.109, subd. 7(b)).

*Murphy,* 545 N.W.2d 909, 914 (Minn.1996). A district court's exercise of discretion relating to sentencing will be reversed on appeal only if the "discretion is not properly exercised and the sentence is unauthorized by law." *State v. Cook,* 617 N.W.2d 417, 419 (Minn.App.2000), *review denied* (Minn. Nov. 21, 2000). "A criminal sentence that is contrary to the requirements of the applicable sentencing statute is unauthorized by law." *Id.*

The length of a conditional-release period depends on the number and nature of any prior convictions.

> [W]hen a court sentences a person to prison for a violation of section 609.342, 609.343, 609.344, or 609.345, the court shall provide that after the person has completed the sentence imposed, the commissioner of corrections shall place the person on conditional release. If the person was convicted for a violation of section 609.342, 609.343, 609.344, or 609.345, the person shall be placed on conditional release for five years, minus the time the person served on supervised release. If the person was convicted for a violation of one of those sections *a second or subsequent time* * * * the person shall be placed on conditional release for ten years, minus the time the person served on supervised release.

Minn.Stat. § 609.109, subd. 7(a) (emphasis added);[3] *Cook,* 617 N.W.2d at 419.

Whether the imposition of a ten-year period of conditional release was error depends on whether appellant's offenses committed against A.J. constitute a violation of the enumerated statutes a "second or subsequent time."

Minnesota law defines a "second or subsequent violation or offense" to mean "prior to the commission of the violation or offense, the actor has been adjudicated guilty of a specified similar violation or offense." Minn.Stat. § 609.02, subd. 11 (2000). Although Minn.Stat. § 609.109, subd. 7(a), and § 609.02, subd. 11, are not cross-referenced, we hold that the use of the same phrase—"a second or subsequent"—in both statutes establishes that the two subdivisions should be read together.[4]

Appellant's commission of the acts of sexual abuse against A.J. occurred years before he was convicted of similar criminal sexual conduct offenses against N.G. and J.G. Under the Minn.Stat. § 609.02, subd. 11, definition of a "second or subsequent" violation, appellant had not been adjudicated guilty of a similar offense prior to the commission of the acts against A.J. Appellant is subject to a five-year period of conditional release rather than the ten-year period of conditional release imposed by the district court.

## DECISION

Because appellant was not adjudicated guilty of any similar sexual-conduct offense

---

**3.** In 2002, the legislature changed the italicized language to "after a previous sex offense conviction as defined in subdivision 5." 2002 Minn. Laws ch. 385, § 4. Therefore, as the statute now reads, whether to place a defendant on conditional release for a ten-year period depends on whether the person has been convicted of a previous sex offense as defined by subdivision 5. Under subdivision 5, a ten-year conditional release term may be imposed only if a person "was convicted of a sex offense before the *commission* of the present offense of conviction." Minn.

Stat. § 609.109, subd. 5 (2002) (emphasis added).

**4.** We note that our analysis on this issue is consistent with *Payette v. State,* No. C1–01–880, 2002 WL 485305 (Minn.App. Apr. 2, 2002) (holding that because appellant had not been "adjudicated guilty" of a similar specified offense prior to the commission of the present offense, he did not have a prior conviction for sentencing purposes).

before the *commission* of his offenses against A.J., appellant's guilty plea on this charge could not constitute a "second or subsequent" violation of sections 609.342, 609.343, 609.344, or 609.345. Accordingly, the district court's imposition of a ten-year conditional-release term was error, and this matter is remanded to the district court to impose the five-year conditional-release term.

**Reversed and remanded.**