*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1112**

Michael Ray Whipple, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed December 29, 2014
Affirmed
Bjorkman, Judge**

Crow Wing County District Court
File No. 18-K4-05-001644

Michael R. Whipple, Moose Lake, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Donald F. Ryan, Crow Wing County Attorney, Rockwell J. Wells, Assistant County
Attorney, Brainerd, Minnesota (for respondent)

Considered and decided by Bjorkman, Presiding Judge; Halbrooks, Judge; and
Connolly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**BJORKMAN**, Judge

Appellant challenges the district court's denial of his motion to correct his
sentence on the ground that his ten-year conditional-release period is not authorized by
the applicable sentencing statute. We affirm.

# FACTS

In July 2005, the state charged appellant Michael Ray Whipple with two counts of third-degree criminal sexual conduct based on allegations that he had sexual intercourse with a mentally disabled 15-year-old girl on July 3, 2005. He pleaded guilty to one count of third-degree criminal sexual conduct in violation of Minn. Stat. § 609.344, subd. 1(b) (2004), and the state dismissed the remaining charge. In November 2005, the district court sentenced Whipple to 48 months' imprisonment, the presumptive guidelines sentence. The sentence included a ten-year conditional-release period under Minn. Stat. § 609.109, subd. 7 (2004) (repealed 2006), based on Whipple's 1986 South Dakota first-degree rape conviction.

Whipple did not appeal. In March 2012, he petitioned the district court for postconviction relief, seeking to withdraw his guilty plea. The district court denied his request, concluding that his petition was time-barred; this court affirmed. *Whipple v. State*, No. A12-1713, 2013 WL 2372168, at *3 (Minn. App. June 3, 2013), *review denied* (Minn. Aug. 20, 2013).

Whipple later moved the district court to correct his sentence under Minn. R. Crim. P. 27.03, subd. 9, arguing that his ten-year conditional-release period was illegal and that a five-year conditional-release period should have been imposed. The district court denied the motion. Whipple appeals.

# DECISION

Minn. R. Crim. P. 27.03, subd. 9, provides that a district court "may at any time correct a sentence not authorized by law." We will not reverse a district court's denial of

such a motion "unless the district court abused its discretion or the original sentence was unauthorized by law." *State v. Amundson*, 828 N.W.2d 747, 752 (Minn. App. 2013). A sentence is unauthorized by law if it is contrary to the requirements of the applicable sentencing statute. *State v. Cook*, 617 N.W.2d 417, 419 (Minn. App. 2000), *review denied* (Minn. Nov. 21, 2000).

Whipple argues that (1) the ten-year conditional-release period does not apply to him because it was not the law at the time of his 1986[1] and 2005 convictions; (2) consideration of his 1986 offense to increase the conditional-release period violates the ex post facto provisions of the federal and state constitutions; and (3) the district court erred by denying him an evidentiary hearing on his rule 27 motion. We address each argument in turn.

First, Whipple asserts that the sentencing statute in effect at the time of the 2005 offense does not, by its terms, permit imposition of a ten-year conditional-release period. We disagree. Minn. Stat. § 609.109, subd. 7, states:

> Notwithstanding the statutory maximum sentence otherwise applicable to the offense or any provision of the Sentencing Guidelines, when a court sentences a person to prison for a violation of section 609.342, 609.343, 609.344, or 609.345, the court shall provide that after the person has completed the sentence imposed, the commissioner of corrections shall place the person on conditional release. If the person was convicted for a violation of section 609.342, 609.343, 609.344, or 609.345, the person shall be placed on conditional release for five years, minus the time the person served on

---

[1] Whipple references criminal-sexual-conduct convictions from 1976 and 1982 rather than the 1986 conviction on which the district court relied. Because the 1986 conviction is sufficient to support a ten-year conditional-release period under Minn. Stat. § 609.109, we do not address the earlier convictions.

supervised release. *If the person was convicted for a violation of one of those sections after a previous sex offense conviction as defined in subdivision 5*, or sentenced under subdivision 6 to a mandatory departure, *the person shall be placed on conditional release for ten years, minus the time the person served on supervised release.*

(Emphasis added.) Subdivision 5 defines "sex offense" as "a violation of sections 609.342 to 609.345 or any similar statute of the United States, this state, or any other state." Minn. Stat. § 609.109, subd. 5 (2004). The ten-year conditional-release period in subdivision 7, originally went into effect on August 1, 1998. 1998 Minn. Laws ch. 367, art. 6, § 6, at 729-31 (enacting section 609.109). In other words, the extended conditional-release provision was in effect at the time of Whipple's 2005 offense.

Second, while Whipple does not deny that his 1986 conviction qualifies as a previous sex offense, he asserts that consideration of his 1986 conviction to support the ten-year conditional-release period violates the ex post facto provisions of the state and federal constitutions. U.S. Const. art. I, § 10; Minn. Const. art. I, § 11. We are not persuaded. Our supreme court rejected this argument in *State v. Willis*, holding that "[t]he use of prior convictions to increase punishment for an underlying substantive offense committed after the effective date of a statute providing for increased penalties does not violate the *ex post facto* provisions of either the state or federal constitutions." 332 N.W.2d 180, 185 (Minn. 1983). As in *Willis*, Whipple's ten-year conditional-release period is part of the criminal penalty for his 2005 criminal-sexual-conduct conviction—not a penalty for his 1986 conviction. *See id.* (stating that an amendment to a statute that increased a penalty for a current offense based on a previous conviction "increased the

possible penalty for the latest crime"); *Cook*, 617 N.W.2d at 418, 420 (holding that a prior 1988 conviction for intrafamilial sexual abuse was a qualifying conviction triggering a ten-year term of conditional release under Minn. Stat. § 609.109, subd. 7). "Merely allowing a conviction obtained before the [statute was enacted] to be used in the assessment of the penalty for a subsequent offense does not violate the constitution." *Willis*, 332 N.W.2d at 185.

Third, Whipple argues that the district court erred by denying his request for an evidentiary hearing on his motion to correct his sentence. We disagree. Minn. R. Crim. P. 27.03, subd. 9, does not require the district court to hold an evidentiary hearing on a motion to correct a sentence. *State v. Masood*, 739 N.W.2d 736, 739 (Minn. App. 2007). Accordingly, we conclude that the district court did not err by denying Whipple's request for an evidentiary hearing.

Because the ten-year conditional-release period was authorized by law and we discern no abuse of discretion by the district court, we affirm.

**Affirmed.**