*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0973**

Jerry Wayne Gerrard, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed February 9, 2015
Affirmed
Peterson, Judge**

Mille Lacs County District Court
File No. 48-K2-03-001007

Jerry Wayne Gerrard, Moose Lake, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Janice J. Jude, Mille Lacs County Attorney, Melissa M. Saterbak, Assistant County Attorney, Milaca, Minnesota (for respondent)

Considered and decided by Hudson, Presiding Judge; Peterson, Judge; and Larkin, Judge.

**U N P U B L I S H E D   O P I N I O N**

**PETERSON**, Judge

This appeal is from an order denying appellant's postconviction petition requesting that his sentence be corrected by reducing the conditional-release term from ten to five years. Appellant argues that his 1986 criminal-sexual-conduct conviction

cannot be used to increase the conditional-release term for his 1997 criminal-sexual-conduct offense because the 1986 conviction occurred before the statute that requires a ten-year conditional-release term was enacted in 1992. We affirm.

## FACTS

In 1986, pro se appellant Jerry Wayne Gerrard was convicted of first-degree criminal sexual conduct for an offense that occurred in 1985. At that time, there was no conditional-release requirement in the sentencing statutes. In 2003, Gerrard was convicted of two counts of first-degree criminal sexual conduct for an offense that occurred in 1997. The district court sentenced Gerrard on one of the convictions to a double durational departure of 244 months after determining that he was a patterned sex offender. *See* Minn. Stat. § 609.1352, subd. 1(a) (1996) (requiring sentence at least double presumptive sentence for patterned sex offender). The district court also stated that there was "a zero to ten year conditional release" term.

Gerrard appealed his 2003 conviction and sentence. This court affirmed the conviction but reversed and remanded the sentence based on *Blakely v. Washington*, 542 U.S. 296 124 S. Ct. 2531 (2004), because the sentence was based on findings made by the court and not by a sentencing jury. *State v. Gerrard*, No. A04-0748 (Minn. App. Mar. 15, 2005). On remand, the district court imposed a guidelines sentence and a ten-year conditional-release term.

In February 2014, Gerrard filed a postconviction petition requesting correction of his sentence under Minn. R. Crim. P. 27.03, subd. 9, arguing that the ten-year conditional-release term was improper because, under the 1997 statute, which was

2

enacted in 1992, the ten-year term applied only if a defendant had a prior conviction for first-, second-, third-, or fourth-degree criminal sexual conduct. *See* Minn. Stat. § 609.346, subd. 5(a) (1996) (governing conditional release of sex offenders). Gerrard contended that because his 1986 conviction occurred before the 1992 enactment of the conditional-release statute, it could not be used to enhance the conditional-release term for his 2003 conviction. The district court summarily denied the petition without an evidentiary hearing, and this appeal followed.

## DECISION

### I.

We review the district court's denial of a postconviction petition for an abuse of discretion. *Gulbertson v. State*, 843 N.W.2d 240, 244 (Minn. 2014). A court abuses its discretion when its decision is based on an erroneous view of the law or is not supported by logic and facts in the record. *Id.* We review the district court's findings for clear error and its legal conclusions de novo. *Id.*

The district court may correct an unauthorized sentence at any time. Minn. R. Crim. P. 27.03, subd. 9; *State v. Cook*, 617 N.W.2d 417, 418 (Minn. App. 2000), *review denied* (Minn. Nov. 21, 2000). "A criminal sentence that is contrary to the requirements of the applicable sentencing statute is unauthorized by law." *Id.* at 419. Interpretation of sentencing statutes and procedural rules is a question of law subject to de novo review. *Johnson v. State*, 801 N.W.2d 173, 176 (Minn. 2011) (procedural rules); *State v. Borrego*, 661 N.W.2d 663, 666 (Minn. App. 2003) (sentencing statutes).

The sentencing statute enacted in 1992 provided for a supervised-release term of five years for a person convicted of violating section 609.342, 609.343, 609.344, or 609.345.[1]   1992 Minn. Laws, ch. 571, art. 1, § 25 at 2002 (codified at Minn. Stat. § 609.346, subd. 5 (1992)).   It also required a ten-year supervised-release term for offenders convicted of "a second or subsequent" violation of those sections.  *Id.*[2]  Gerrard argues that because he was first convicted of first-degree criminal sexual conduct in 1986, before the conditional-release requirement was enacted in 1992, the 1986 conviction cannot be used to increase the length of the conditional-release term imposed for his 1997 offense.

We review a question of statutory interpretation de novo.  *State v. Rick*, 835 N.W.2d 478, 482 (Minn. 2013).  If the statutory language is clear and unambiguous, we interpret the statute according to its plain meaning without resorting to statutory construction.  *Id.*  We apply the canons of statutory construction only when a statute is susceptible to more than one reasonable interpretation.  *Id.*

When Gerrard was convicted in 2003, the 1997 sentencing statute that applied to his conviction provided that "[i]f the person was convicted for a violation of [section 609.342] a second or subsequent time . . . the person shall be placed on conditional

---

[1] These sections define first-, second-, third-, and fourth-degree criminal sexual conduct.
[2] This section was amended by 1993 Minn. Laws, ch. 326, art. 9, § 9, at 2089-90, which changed the terminology from "supervised release" to "conditional release."  1998 Minn. Laws, ch. 367, art. 6, §§ 6, 16, at 731, 735, repealed section 609.346, and placed the mandatory-conditional-release provisions in Minn. Stat. § 609.109, subd. 7.  This section was repealed by 2005 Minn. Laws, ch. 136, art. 2, § 23, at 933, and the conditional-release terms were codified at Minn. Stat. § 609.3455, subd. 6.  2005 Minn. Laws, ch. 136, § 21, at 931.

release for ten years, minus the time the person served on supervised release." Minn. Stat. § 609.346, subd. 5(a) (1996). The language of the 1997 statute is clear and unambiguous: a person convicted of first-degree criminal sexual conduct for a second time "shall" be given a ten-year conditional-release term. *Id.* Nothing in the statute indicates that the first conviction must have occurred after the supervised-release statute was enacted in 1992. *See State v. Stephanie*, 354 N.W.2d 827, 830 (Minn. 1984) (stating that statute requiring minimum term for subsequent sex offenders applied to subsequent offense committed after effective date of statute when prior offense was committed before effective date of statute). The district court's decision was not based on an erroneous view of the law and is supported by logic and facts in the record. The district court did not abuse its discretion by denying Gerrard's postconviction petition.

## II.

The postconviction court denied Gerrard's petition for relief without a hearing. Generally, the court must hold a hearing on a postconviction petition "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2014). The district court concluded that Gerrard's petition was "without merit."

The district court's decision to deny a postconviction evidentiary hearing is reviewed for an abuse of discretion. *State v. Vang*, 847 N.W.2d 248, 266 (Minn. 2014). Gerrard's postconviction petition showed that he was convicted of first-degree criminal sexual conduct in 1986 for a 1985 offense, and that he was convicted of first-degree criminal sexual conduct a second time in 2003 for a 1997 offense. Gerrard's

5

postconviction claim was that he was not subject to a ten-year conditional-release term under the 1997 sentencing statute because his 1986 conviction occurred before the conditional-release statute was first enacted in 1992. This claim was based on an issue of statutory construction, which is a question of law, and Gerrard's petition and the files and records of the proceeding conclusively showed that Gerrard was entitled to no relief. The district court did not abuse its discretion by denying Gerrard an evidentiary hearing.

**Affirmed.**