*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1636**

Morris Gaye Kayee, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed March 2, 2015
Affirmed
Bjorkman, Judge**

Hennepin County District Court
File No. 27-CR-09-194

Morris Gaye Kayee, Faribault, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Cleary, Chief Judge; Bjorkman, Judge; and Reyes, Judge.

## UNPUBLISHED OPINION

**BJORKMAN**, Judge

Appellant challenges the denial of his petition for postconviction relief, arguing that the district court erred in concluding his petition is time-barred. We affirm.

FACTS

In 2009, appellant Morris Gaye Kayee pleaded guilty to attempted first-degree murder. He was sentenced to 180 months in prison. This court affirmed Kayee's conviction on direct appeal. *State v. Kayee*, No. A09-1816 (Minn. App. Aug. 24, 2010), *review denied* (Minn. Nov. 16, 2010). He has since filed four petitions for postconviction relief, all of which have been denied. This appeal concerns his fourth petition.

Kayee filed his fourth petition, titled "Postconviction Relief Motion to Correct Sentence," on April 17, 2014. He argued that the presumptive sentence for attempted first-degree murder has significantly changed and asked the district court to "correct his 180 months sentence two-thirds execution to that of, 'one-half' execution of the presumptive duration" in accordance with the change. Kayee's motion requested sentence correction under Minn. R. Crim. P. 27.03, subd. 9, and postconviction relief under Minn. Stat. § 590.01 (2012). The district court denied his petition, concluding that it was untimely and that his sentence was authorized by law. Kayee appeals.

## D E C I S I O N

**I.    Kayee's sentence was authorized by law.**

Minn. R. Crim. P. 27.03, subd. 9, provides that a district court "may at any time correct a sentence not authorized by law." A sentence is unauthorized by law if it is contrary to the requirements of the applicable sentencing statute. *State v. Cook*, 617 N.W.2d 417, 419 (Minn. App. 2000), *review denied* (Minn. Nov. 21, 2000). We will not reverse the denial of a rule 27.03 motion "unless the district court abused its discretion or

the original sentence was unauthorized by law." *State v. Amundson*, 828 N.W.2d 747, 752 (Minn. App. 2013).

Kayee first argues that the district court erred by denying his motion as time-barred because "[t]here is no time limit to correct sentence." This argument lacks merit. While the district court determined that request for postconviction relief was untimely, the court addressed his rule 27 motion, concluding that it "fails as [Kayee's] sentence was authorized by law."

Kayee next asserts that his 180-month sentence was unauthorized by law. We are not persuaded. At the time of sentencing the applicable statute provided that the maximum penalty for attempted first-degree murder was 240 months. *See* Minn. Stat. §§ 609.17, subd. 4(1) (stating that if the crime attempted carries a sentence of life imprisonment, the maximum penalty for an attempt to commit the crime is 20 years), .185(a) (stating that the penalty for first-degree murder is life imprisonment) (2008). Kayee's sentence was less than the statutory maximum, and fell within the applicable sentencing guidelines. *See* Minn. Sent. Guidelines II.G (2008) (establishing the presumptive sentence for an individual with a criminal-history score of zero is 180 months). Because Kayee's sentence was authorized by law, the district court did not err in denying Kayee's motion to correct his sentence.

## II. Kayee's petition for postconviction relief is time-barred.

We review the denial of a petition for postconviction relief for an abuse of discretion. *Leake v. State*, 737 N.W.2d 531, 535 (Minn. 2007). We will not reverse

findings of fact unless they are clearly erroneous, but we review issues of law de novo. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012).

A petition for postconviction relief must be filed within two years of "an appellate court's disposition of petitioner's direct appeal." Minn. Stat. § 590.01, subd. 4(a)(2). A district court may only hear a petition filed after this deadline if the petitioner establishes that a statutory exception to the time bar applies to his petition. *Id.*, subd. 4(b)(1)-(5). The petitioner also must demonstrate that he timely filed the petition in response to those circumstances. *See id.*, subd. 4(c) (establishing two-year time limit for exceptions).

Kayee's direct appeal was final in November 2010. Because he filed this postconviction petition in April 2014, it is untimely. Kayee argues that the statutory exception set forth in Minn. Stat. § 590.01, subd. 4(b)(3), applies to his petition. We disagree. This exception applies if "the petitioner asserts a new interpretation of federal or state constitutional or statutory law by either the United States Supreme Court or a Minnesota appellate court and the petitioner establishes that this interpretation is retroactively applicable to the petitioner's case." *Id.*, subd. 4(b)(3). Kayee has not made this showing. He asserts that there has been a "significant change" in the sentencing law, but did not suggest the alleged change[1] resulted from a new interpretation of law by either the United States Supreme Court or a Minnesota appellate court. Because Kayee

---

[1] It is unclear what "significant change" Kayee is referring to. Neither the statutory maximum nor sentencing guidelines for attempted first-degree murder have changed since the time he was sentenced. *See* Minn. Stat. §§ 609.17, subd. 4(1), .185(a) (2014); Minn. Sent. Guidelines 2.G.11 (2014).

did not establish that a statutory exception applies to his petition, the district court did not abuse its discretion in determining the petition is time-barred.

In sum, because Kayee's sentence was authorized by law and his postconviction petition was untimely, we affirm.

**Affirmed.**