*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0104**

State of Minnesota,
Respondent,

vs.

Forest Grant Noggle,
Appellant.

**Filed October 5, 2015
Affirmed in part, reversed in part, and remanded
Stauber, Judge**

Benton County District Court
File No. 05-CR-08-108

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Philip K. Miller, Benton County Attorney, Rebecca A. Hoffman, Assistant County Attorney, Foley, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer L. Lauermann, Assistant State Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Stauber, Presiding Judge; Peterson, Judge; and Smith, Judge.

**U N P U B L I S H E D   O P I N I O N**

**STAUBER**, Judge

Appellant challenges his sentence for possession of a pornographic work involving

a minor, revocation of his probation, and imposition of a ten-year conditional-release

term. We affirm appellant's sentence and the district court's order revoking his probation, but reverse the order imposing a ten-year conditional-release term and remand to the district court for amendment to a five-year conditional-release term.

**FACTS**

In the case on appeal, appellant Forest Grant Noggle pleaded guilty in Benton County to a charge of possession of a pornographic work involving minors between May 10 and 14, 2007. Noggle pleaded guilty on August 26, 2009, and, in accordance with the plea agreement, received a stay of adjudication and supervised probation for five years.

In August 2007, Noggle pleaded guilty to attempted third-degree criminal sexual conduct in Dodge County, for an incident occurring on May 10, 2007, when Noggle arranged on the Internet to meet a minor female for sex; this was a sting operation, and the purported minor female was a police officer. When he was arrested on this charge, he gave a statement to Benton County police that led to the charge that is the subject of this appeal. In the Dodge County case, the district court stayed adjudication and placed Noggle on probation. After a violation hearing in December 2008, the district court adjudicated Noggle guilty but stayed imposition of sentence. After a second violation hearing in September 2011, the district court continued the stay of imposition. After a third violation hearing in January 2015, the district court imposed and executed an 18-month prison sentence and also imposed a 10-year conditional-release term.

On December 14, 2011, Noggle admitted to three violations of his probation conditions in the Benton County case that is the subject of this appeal: (1) being in a house with a minor child; (2) interruption of his sex-offender-treatment program because

2

of a probation violation; and (3) possession of erotic stories that violated the spirit of the treatment program. The district court entered the conviction, but stayed imposition of sentence.

On October 20, 2014, the Benton County district court held a contested probation-revocation hearing and found that Noggle had committed multiple additional violations of his probationary conditions, including accessing computer equipment without permission; viewing nude photos; accessing pornography, particularly of minor girls; purchasing a smart phone for Internet access; attempting to establish sexual relationships online; communicating with a woman who said she was having a sexual relationship with her daughter; and requesting sexual photos. The district court imposed an executed sentence of 27 months and a ten-year conditional-release term.

In this appeal, Noggle challenges both his executed sentence, which he asserts was improperly calculated under the Minnesota Sentencing Guidelines, and the ten-year conditional-release term, alleging that they were not authorized by law. Noggle also contends that the district court abused its discretion by revoking his probation.

## D E C I S I O N

## I.

A sentence that is unauthorized by law may be corrected at any time. Minn. R. Crim. P. 27.03, subd. 9; *State v. Cook*, 617 N.W.2d 417, 418-19 (Minn. App. 2000), *review denied* (Minn. Nov. 21, 2000). We review the district court's decision on a motion for correction of a sentence for an abuse of discretion. *Cook*, 617 N.W.2d at 419. "A criminal sentence that is contrary to the requirements of the applicable sentencing

3

statute is unauthorized by law." *Id.* Generally, a sentencing court must pronounce a sentence within the applicable range of the sentencing guidelines, and may not depart upwardly from the presumptive sentence without identifying substantial and compelling circumstances. *State v. Soto*, 855 N.W.2d 303, 308 (Minn. 2014). This court reviews the district court's interpretation of the sentencing guidelines de novo. *State v. Campbell*, 814 N.W.2d 1, 4 (Minn. 2012).

Noggle argues that his 27-month executed sentence is unauthorized because the district court used the wrong severity level to determine the presumptive sentence. Minn. Stat. § 617.247, subd. 4 (2006), prohibits possession of pornographic images of minors; the maximum sentence for a first-time offense is up to $5,000 or five years in prison, and up to $10,000 or ten years in prison for a subsequent offense. On the sex-offender sentencing grid, a first-time violation with one criminal-history point is a "G" severity level with a presumptive sentence of 20 months; a subsequent offense is an "F" severity level, with a presumptive sentence of 27 months. Minn. Sent. Guidelines IV (sex-offender grid). (2006). If the district court used the wrong severity level, the sentence imposed amounts to an upward durational departure.

A "subsequent offense" is a violation of the same statute; thus, Noggle's prior conviction of attempted third-degree criminal sexual conduct does not make this conviction a "subsequent offense" and does not compel sentencing under severity level "F." *See* Minn. Stat. § 609.02, subd. 11 (2006) (defining "subsequent offense" to mean that "prior to the commission of the violation or offense, the actor has been adjudicated

4

guilty of a specified similar violation or offense"); *State v. Brown*, 433 N.W.2d 433, 435

(Minn. App. 1988) (same), *review denied* (Minn. Feb. 22, 1989).

But Minn. Sent. Guidelines IV (sex-offender grid) also designates possession of

child pornography as a severity level F offense if the person is a predatory offender. In

2009, as part of his third-degree criminal-sexual-conduct conviction in Dodge County,

Noggle was required to register as a predatory offender under section 243.166. Thus, at

the time of sentencing on the subject offense, he was a registered sex offender under

section 243.166, and his presumptive sentence on this charge would be determined as a

severity level "F" on the sex-offender grid. *See* Minn. Sent. Guidelines IV (sex-offender

grid). We therefore affirm Noggle's executed sentence of 27 months.

As to the ten-year conditional-release term imposed, Noggle argues that (1) there

is insufficient record evidence of a previous conviction and (2) Minn. Stat. § 617.247,

subd. 9, is ambiguous because it fails to define the phrase "has previously been

convicted."

The statute under which Noggle was convicted states:

> Notwithstanding the statutory maximum sentence otherwise
> applicable to the offense or any provision of the sentencing
> guidelines, when a court commits a person to the custody of
> the commissioner of corrections for violating this section, the
> court shall provide that after the person has completed the
> sentence imposed, the commissioner shall place the person on
> conditional release for five years, minus the time the offender
> served on supervised release. If the person has previously
> been convicted of a violation of this section, section 609.342,
> 609.343, 609.344, 609.345, 609.3541, 609.3453, or 617.246,
> or any similar statute of the United States, this state, or any
> state, the commissioner shall place the person on conditional

> release for ten years, minus the time the offender served on supervised release.

Minn. Stat. § 617.247, subd. 9 (2006). The imposition of a conditional-release term under this statute is mandatory. *See State v. Humes*, 581 N.W.2d 317, 319 (Minn. 1998) (stating that "shall" in conditional-release statute required imposition of conditional-release term). Once Noggle's sentence was executed, the district court was obligated to impose a conditional-release term.

The Benton County district court file includes a sentencing order from Dodge County dated December 16, 2008, which enters a conviction but stays sentencing on the third-degree criminal-sexual-conduct charge from May 10, 2007. This sentencing order was received by the Benton County district court in July 2009 as part of a packet of evidence offered by the prosecutor in opposition to Noggle's motion to dismiss for lack of probable cause. Thus, at the time the conviction was entered on this charge, December 14, 2011, Noggle had a prior qualifying conviction, and the district court in this matter had the Dodge County sentencing order in its file.

But section 617.247, subdivision 9, increases the conditional-release term to ten years if a person "has previously been convicted" of certain sex crimes. This section does not include a definition of that phrase. In the statutory section dealing with conditional release for criminal-sexual-conduct convictions, "*previous* sex offense conviction" means that "the offender was convicted *and sentenced* for a sex offense before the commission of the present offense." Minn. Stat. § 609.3455, subd. 1(f) (2006) (emphasis added). A "*prior* sex offense conviction" occurs when the offender is

"convicted of committing a sex offense before the offender has been convicted of the present offense, regardless of whether the offender was convicted for the first offense before the commission of the present offense, and the convictions involved separate behavioral incidents." *Id.*, subd. 1(g) (2006). The mandatory lifetime conditional-release terms for criminal-sexual-conduct convictions specify that either a "previous" or a "prior" conviction will result in a mandatory lifetime conditional-release term. *Id.*, subd. 7(b) (2006). Noggle argues that because the legislature can clearly distinguish between "previous" and "prior," the phrase "has previously been convicted" either refers to a conviction and sentence occurring before the present conviction or is ambiguous.

A statute is ambiguous if it has more than one reasonable interpretation. *State v. Nelson*, 842 N.W.2d 433, 436 (Minn. 2014). When a statute is ambiguous, this court may employ the canons of statutory construction. *Id.* Minn. Stat. § 645.16 (2014) states:

> The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature. Every law shall be construed, if possible, to give effect to all its provisions.
>
> When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit.

To ascertain legislative intent, a court may consider a former law or other laws on the same or similar subjects. *Id.* The conditional-release requirement was added to section 617.247 in 2006, effective August 1, 2006, for crimes occurring on or after that date, and was amended in 2013, providing no history. *See* 2006 Minn. Laws ch. 260, art. 1, § 39, at 730; 2013 Minn. Laws ch. 96, § 7, at 746. The conditional-release statute for criminal-

7

sexual-conduct convictions had defined "previous sex offense convictions" as a conviction that occurred "before the commission of the present offense of conviction." Minn. Stat. § 609.109, subd. 5 (2004). We conclude that the wording of section 617.247, subdivision 9 is ambiguous because it fails to define the phrase "has previously been convicted."

When a criminal statute is ambiguous and the ambiguity cannot be resolved through construction, courts apply the rule of lenity requiring that any ambiguity be resolved in favor of the criminal defendant. *Nelson*, 842 N.W.2d at 443-44. Here, that means that Noggle's conditional-release term may only be enhanced to ten years if he has a predicate conviction that occurred before commission of the present offense. Noggle's conviction in Dodge County occurred after commission of the present offense, and, therefore, Noggle's conditional-release term for this offense should be corrected to five years. We therefore reverse the order imposing a ten-year conditional-release term and remand to the district court for imposition of a five-year conditional-release term.

## II.

Noggle argues that the district court abused its discretion by revoking his probation and executing his sentence. We review the district court's decision to revoke an offender's probation for an abuse of discretion. *State v. Osborne*, 732 N.W.2d 249, 253 (Minn. 2007). A district court must (1) identify the specific condition or conditions violated; (2) determine whether the violation was intentional or inexcusable; and (3) find that "the policies favoring probation no longer outweigh the need for confinement." *Id.* The court must base its decision on more than just "an accumulation of technical

8

violations," bearing in mind that the purpose of probation is rehabilitation; a court must be convinced that an offender "cannot be counted on to avoid antisocial activity." *Id.* (quotation omitted). Noggle contends that the findings supporting the third factor are insufficient.

In finding that the need for confinement outweighs the policies favoring probation, courts are directed to consider whether

> (i) confinement is necessary to protect the public from further criminal activity by the offender; or (ii) the offender is in need of correctional treatment which can most effectively be provided if he is confined; or (iii) it would unduly depreciate the seriousness of the violation if probation were not revoked.

*State v. Modtland*, 695 N.W.2d 602, 607 (Minn. 2005) (quotation omitted).

The district court relied primarily on the third consideration: it would unduly depreciate the seriousness of the violation if probation were not revoked. Noggle presented evidence that there was an appropriate community-based treatment program that he could attend and that program, Project Pathfinder, assessed Noggle and believed the program could help him. But by the time of the second probation violation for this charge, Noggle had been in treatment for over three years, and his probation violations were becoming more serious. These violations included accessing the internet to view pornographic photos of minors, purchasing a smart phone for internet access without his probation agent's knowledge, contacting people online about sexual encounters, and requesting sexual photographs. He also had been discharged from one treatment program because he was failing to make any further progress. The district court concluded that

9

Noggle did not understand the "severity of [his] violations."  On this record, the district court did not abuse its discretion by revoking Noggle's probation.

**Affirmed in part, reversed in part, and remanded.**